## HAMMOND *v.* HASTINGS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 200. Argued March 7, 1890. — Decided March 24, 1890.

When, by general law, a lien is given to a corporation upon the stock of a stockholder in the corporation for any indebtedness owing by him to it, that lien is valid and enforceable against all the world; and a sale of the stockholder's stock to a person ignorant of the lien will not discharge it and thus authorize the purchaser to demand and receive a transfer of it so discharged.

THE case is stated in the opinion.

*Mr. A. H. Garland* for plaintiff in error. *Mr. Don M. Dickinson, Mr. William H. Swift* and *Mr. Elisha H. Flinn* filed a brief for plaintiff in error.

*Mr. Thomas McDougall* for defendant in error.

MR. JUSTICE BREWER delivered the opinion of the court.

On July 22, 1884, George O. Sweet was the owner of twelve hundred shares of the capital stock of a corporation organized under the laws of the State of Michigan, known as George H. Hammond & Company, as evidenced by two certificates of stock (which were alike in everything, except numbers of shares and dates); and of one of which, with endorsements, the following is a copy :

"George H. Hammond & Company.

"Capital stock, $1,500,000.　　　　　　　　　Shares, $25 each.
　　　Number 5.　　　　　　　　　　　　　　　Shares, 800.

"This is to certify that George O. Sweet is entitled to eight hundred shares of $25 each of the capital stock of George H. Hammond & Company. Transferable only on the books of the company, in person or by attorney, on the surrender of this certificate.

"Detroit, Mich., Jan'y 18, 1882.

　　　　　　　　　　　　　"Geo. H. Hammond, *Pres't.*
"[seal.]　　　　　　　　　　James D. Standish, *Sec'y.*"

### Endorsed.

"For value received, — hereby sell, assign, and transfer unto —— —— shares of the within stock, and do hereby constitute and appoint —— —— attorney to transfer the same on the books of the company.

"Witness my hand and seal this — day of ——, A. D. 18 —
　　　　　　　　"—— ——.　[L. s.]"

These certificates had theretofore been pledged to the National Bank of Illinois, a bank located in the city of Chicago. On that day, in pursuance of the pledge, the stock was sold, and purchased by the defendant in error, Thomas D. Hastings. During all the time that Sweet owned the stock he was indebted to the corporation George H. Hammond & Company. After his purchase Mr. Hastings presented the certificates to the officers of the corporation, and demanded a transfer. This was refused, on the ground that the corporation had a lien upon the stock for the amount of Sweet's indebtedness to it. Thereupon this action was brought.

George H. Hammond & Company was a manufacturing corporation, created in October, 1881, under the laws of the State of Michigan, with its principal office in the city of Detroit, Michigan, and Sweet was, during the time of these transactions, a resident of and doing business in the city of

Chicago, selling the property of the corporation on commission.

The law of Michigan under which manufacturing companies may be organized, and under which George H. Hammond & Company was created and exists, has, since 1875, contained this provision : Section 4143, 1 Howell's Annotated Statutes, section 17 of act 187, laws 1875 : "The stock of every such corporation shall be deemed personal property, and be transferred only on the books of such corporation, in such form and manner as their by-laws shall prescribe; and such corporation shall at all times have a lien upon all the stock or property of its members invested therein, for all debts due from them to such corporation." The general act, 1 Howell, sec. 4866, provides, as to all corporations, that a transfer of stock shall not be valid except as between the parties, unless entered on the books of the company, showing the names of the parties, by and to whom transferred, the number and designation of shares, and the date of the transfer. The bank was ignorant of Sweet's indebtedness to the corporation when it lent its money on the security of the stock, and of course Hastings, though notified thereof at the time of the sale, succeeded to all the rights of the bank. On these facts the circuit judge held that the purchaser took the stock discharged of any lien, and submitted to the jury only the question of the value of the stock; this having been found by its verdict, judgment was entered therefor, and the corporation now alleges error. The single question is, whether the corporation had a lien upon the stock for Sweet's indebtedness, as against the claims of the bank and the purchaser. This question must be answered in the affirmative; for the rule is clear and unquestioned, that where by general law a lien is given to a corporation upon its stock for the indebtedness of the stockholder, it is valid and enforceable against all the world. *Union Bank* v. *Laird*, 2 Wheat. 390; *Brent* v. *Bank of Washington*, 10 Pet. 596; *National Bank* v. *Watsontown Bank*, 105 U. S. 217, 221; *Rogers* v. *Huntingdon Bank*, 12 S. & R. 77; *Sewall* v. *Lancaster Bank*, 17 S. & R. 285; *Presbyterian Congregation* v. *Carlisle Bank*, 5 Penn. St. 345;

348; *Farmers' Bank* v. *Iglehart*, 6 Gill, 50; *Reese* v. *Bank of Commerce*, 14 Maryland, 271; *Hartford Bank* v. *Hartford Ins. Co.*, 45 Connecticut, 22; *Bishop* v. *Globe Company*, 135 Mass. 132; *Bohmer* v. *City Bank*, 77 Virginia, 445.

The law under which this corporation was organized was a general law. So it has been decided by the Supreme Court of Michigan, *Newberry* v. *Detroit Co.*, 17 Michigan, 141, 151, where it is said: "The law in question is a public act, and all are charged with knowledge of its provisions." This construction by the Supreme Court of the State which enacted the law is conclusive in this court, as well as everywhere, as to its character. The law in terms provides for a lien, and that being a public law all are charged with knowledge of its provisions. Generally, wherever paper of a nature similar to this is issued, under authority granted by general statute, whoever deals with that paper is charged with notice of all limitations and burdens attached to it by such statute. And this is true whether the party lives in or out of the State by which the law was enacted. See authorities cited, *supra*. It was unnecessary to enter upon the certificate any statement of the limitations and burdens which the law casts upon all such paper; and the omission to state such limitations upon the face of the paper is not a waiver by the corporation of the benefits thereof.

In the case in 2 Wheat. *supra*, where the act of incorporation gave a lien, this court, by Mr. Justice Story, said: "The certificate, issued to Patton for the fifty shares held by him, (which is in the usual form,) declares the shares to be 'transferable at the said bank, by the said Patton, or his attorney, on surrendering this certificate.' No person, therefore, can acquire a legal title to any shares, except under a regular transfer, according to the rules of the bank; and if any person takes an equitable assignment, it must be subject to the rights of the bank, under the act of incorporation, of which he is bound to take notice."

Repeated efforts have been made to have certificates of stock declared negotiable paper, but they have been unsuccessful. Such a certificate is not negotiable in either form or

character; and like every non-negotiable paper, whoever takes it does so subject to its equities and burdens; and though ignorant of such equities and burdens his ignorance does not relieve the paper therefrom, or enable him to hold it discharged therefrom. It is objected that upon the face of this certificate it is nowhere stated that "George H. Hammond & Company" is a corporation. While this is not expressly stated, it clearly appears; and even if it were not so, the certificate is non-negotiable paper, and the party had no right to deal with it as though it were otherwise. He takes it subject to the burdens that in fact rested upon it.

Technical matters are suggested by counsel, but we deem it unnecessary to notice them. The circuit judge unquestionably, as appears from the record, ruled upon the substantial question considered by us. We think his ruling erroneous, and the case must therefore be reversed. That this lien of a corporation may be waived cannot be doubted. *National Bank v. Watsontown Bank,* 105 U. S. 217, 221. Perhaps when all the facts are developed, as they can be on the new trial, matters may be disclosed sufficient to establish a waiver; but mere ignorance on the part of the purchaser of the fact of the existence of the lien does not destroy it. It constitutes no waiver on the part of the corporation.

*Judgment reversed, and the case remanded for a new trial.*