Shauck, J.
There is no occasion to doubt that the defendant in refusing to transfer the shares of stock acquired by the plaintiff, in view of the failure to give an option to the directors for thirty days in order that they might have opportunity to sell it to persons whose business would aid in. promoting the welfare of the corporation, is strictly within section nineteen of its by-laws. The question of doubt in the case concerns the validity of the by-law and its binding obligation upon the plaintiff. Separate analysis of the very numerous cases cited in the briefs of counsel is impracticable and unnecessary. A few generalizations will meet the requirements of most of the cases and materially narrow the field of inquiry. The • corporation being organized under the laws of the state of Delaware, although its principal place of business is in Ohio where the plaintiff resides and where these transactions in stock were conducted, he had actual knowledge that he was acquiring the stock of a Delaware corporation and l^e is deemed to know all restrictions which the laws of that state or by-laws not inconsistent with them imposed upon its alienation. Relfe v. Rundle, 103 U. S., 222; Hammond v. Hastings, 134 U. S., 401. Ef *110 fective regulations of the transfer of stock in a corporation must be prescribed in statutes or in by-laws of the corporation which are not inconsistent with the statutes. A corporation may not refuse to transfer stock because of the motive which may have prompted the transferee to acquire it, this being upon the well established ground that however important may be the motive ' which prompts one to the commission of a wrong, the motive which prompts him to the exercise of a legal right .can never be the subject of judicial inquiry.
By-laws of a corporation, to be valid, must not contravene the policy defined in the statute of its creation, and this renders it entirely unnecessary to consider further the cases in which it has been held that corporations formed under the national banking laws may not provide for liens upon their stock to secure the debts of their stockholders, since the laws provide expressly that they may not loan money upon the security of their stock. When statutes under which corporations are formed authorize them to make by-laws upon specifically named subjects there is an implied denial of authority to make by-laws upon subjects not named.
In very many cases it has been held that a bylaw imposing a restrictive regulation upon the transfer of stock is invalid unless it is expressly authorized by statute. Quite uniformly when that conclusion is reached it is placed upon the ground that such regulations impose a restraint upon the alienation of property and that they are therefore inimical to public policy. It does not appear to have been deemed necessary in these *111 cases to- demonstrate that the right to alienate property should be more highly regarded than the right to make contracts respecting it. By the assumption that it should be, a task of much obvious difficulty has been avoided. In a few cases the opposite conclusion has been reached and supported by reasons of much strength. In New England Trust Co. v. Abbott, 162 Mass., 148 (27 L. R. A., 271), a by-law differing in no essential respect from that relied on by the defendant here was enforced although it was wholly without express- statutory sanction. The court did not consider whether the by-law was technically valid so as to impress upon property in the stock of the company a restricted alienability, but placed the decision upon the ground that the terms of the bylaw became a contract between the corporation and the subscriber for its stock. In the later case of Barrett v. King, 181 Mass., 476, which arose out of the refusal of the Continental Brewing Company to enter a transfer of its stock, the refusal being' for non-compliance with a by-law not distinguishable from this, the rights of the parties were determined by the same view.
What may be the effect of a by-law of this character upon the transferability of stock.when the question is not affected by any provision of the statute under which the corporation is formed, we need not determine in the present case. • The different conclusions with respect to that question result from different views of the policy involved. To define and establish rules of public policy is a recognized function of legislation. The statute of the state of Delaware, under which this corporation was *112 formed, expressly authorized it to make by-laws “for the management of its property, the regulation and government of its affairs, and for the certification and transfer of its stock.” It also provides expressly that “the shares of stock in every corporation shall be deemed personal property and transferable on the books of the corporation in such manner and under such regulations as the by-laws provide.” The third section of the act further provides generally that the corporation shall have such powers not inconsistent with law as may be necessary or convenient to the attainment of the objects of the corporation. Certainly power to regulate transfers of stock could not properly be regarded as power to prohibit the transfer, and it may be that in the interpretation of acts conferring such power it would be the duty of courts to see that prohibition is not accomplished under the guise of regulation, and that restrictions would not be permitted if foreign to the purpose for which the corporation is formed. The by-law here called in question contains no suggestion of a purpose to prevent the alienation of stock nor to restrict it beyond reasons suggested by a consideration of the welfare of the corporation and the express provisions of the statute. It interposes no permanent impediment to the transfer, providing only for an option in the directors for thirty days as a reasonable opportunity to them to dispose of stock to persons deemed desirable as holders. The statute having recognized the lawfulness of the purpose for which the corporation is formed and having' empowered it to make by-laws in furtherance of that purpose, *113 expressly including the issuance and transfer of stock within the subjects for regulation by by-laws, we find no reason for saying that the by-law is invalid.

Judgment affirmed.

Summers, C. J., Crew, Spear, Davis and Price, JJ., concur.