KANSAS & TEXAS COAL COMPANY v. GABSKY.

Opinion delivered February 15, 1902.

MINERS' ACT—DAMAGES FOR KILLING OF INFANT—SURVIVAL OF ACTION.— The Miners' Act, which enacts that "no person under the age of 14 years shall be permitted to enter any mine to work therein," and that "for any injury to persons or property occasioned by willful violation of this act a right of action shall accrue to the party injured for any direct damages sustained thereby," does not provide for the survival of a cause of action in favor of the next of kin of an infant under the age of 14 years killed while employed in violation of the act.

Cross appeals from Sebastain Circuit Court, Greenwood District.

STYLES T. ROWE, Judge.

Reversed.

*Hill & Brizzolara,* for appellant.

Appellee had no right of action, as surviving parent, for loss of services, because death was instantaneous. 53 Ark. 127; Rodg. Dom. Rel. § 536. *Cf.* 125 Mass. 130; 17 Ind. 323; 24 Wend. 429. If the action be treated as one instituted under Sand. & H. Dig., § 5908, or *id.* § 5058, it must fail, because those statutes do not embrace an action for death by the next of kin, nor provide for survival of same except to the administrator. 41 Ark. 295; 54 Ark. 358. Our statute creating liability of mine-owners for direct damages occasioned through violation of the act prohibiting the employment in mines of children under 14 years of age applies to the exclusion of Lord Campbell's Act (Sand. & H. Dig., §§ 5045-5062); and it, failing to create any right of action for the next of kin, gives only a personal action, which survives, under Sand. & H. Dig., § 5908, for the estate only. 81 Ill. 590; 113 Ill. 584; 57 N. E. 732; 88 Mo. 68. Negligence of the mother defeats the action. 21 Wend. 615; S. C. 34 Am. Dec. 273; 36 Ark. 41; Beach, Cont. Neg. §§ 131, 142; Tiff. Death by Wrongful Act, § 70; Rodg. Dom. Rel. § 538; 19 N. W. 623; 60 Tex. 205; 92 Pa. St. 450; 29 Atl. 49; 13 R. I. 299; 2 Beach, Cont. Neg. 1465. Contributory negligence of deceased also defeats the cause of action.

*Mechem & Bryant,* for appellee.

The cause of action created by the Miners' Act is within the rule of survival of Lord Campbell's Act. 53 Ark. 117. Neither knowledge of plaintiff that deceased was working in the mine nor the negligence of deceased affects the maintenance of this suit; for, when the defendant's conduct is willful, it is no longer a case of negligence, and contributory negligence is no defense. Beach, Cont. Neg. § 64; Cooley, Torts, 810; 95 Ind. 286; 105 Ind. 105.

BUNN, C. J. This is a suit for damages occasioned by the death of the minor son of the plaintiff Mary Gabsky, while working in a coal mine of the appellant in Sebastian county, Arkansas, on the 28th day of January, 1899.

The complaint is as follows: "Now comes the plaintiff, Mary Gabsky, for herself, and Sophia Gabsky and Stephen Gabsky, minors, by Mary Gabsky, their next friend, and say:

"(1.) That they are residents of Sebastian county, Arkansas, and the defendant is a corporation organized under the laws of Missouri, and engaged in the business of mining coal in Arkansas at all the dates hereinafter mentioned. (2) That on or about the 1st day of January, 1899, the defendant willfully permitted one John Gabsky, a minor aged 11 years, to enter its coal mine No. 51, near Huntington, Arkansas, to work therein, and the said John Gabsky continued in said mine until the 28th day of January, 1899, when he was instantly killed in said mine by a large rock falling upon him from the roof thereof. The said John Gabsky left surviving him, as his sole heirs and next of kin, the plaintiffs herein, Mary Gabsky, who was his mother, and Sophia Gabsky, a sister aged 8 years, and Stephen Gabsky, a brother aged 3 years. None of the plaintiffs have any property or means of support, other than the personal exertions of the plaintiff Mary Gabsky. (3) In consequence of the willful violation of law by the defendant, in permitting the said John Gabsky to enter its mine to work as aforesaid, and his resulting death, the plaintiffs have sustained direct damages in the sum of $2,000. Wherefore they pray judgment against the defendant for $2,000 and costs."

This complaint was filed August 24, 1899, and summons served the next day. The defendant answered on the 12th September, 1899; the first paragraph of its answer being a general demurrer to the complaint as not stating facts sufficient to constitute a cause of action. The second paragraph denies that any cause of action exists in the plaintiff against the defendant, if the death of John Gabsky occurred as alleged. The third paragraph avers a want of information as to certain averments in the complaint as to the matters pertaining personally to the plaintiffs and deceased, averring the materiality of the same, and demanding strict proof. The defendant in this paragraph denies that it willfully permitted John Gabsky, a minor of the age of 11 years, to enter its coal mine No. 51, near Huntington, Arkansas, to work therein, and states the facts to be: That one Thomas Reskoski, a miner then in the employ of the defendant, and who lived or boarded with the plaintiff, Mary Gabsky, brought the said John Gabsky with him to the said mine No. 51, and asked permission of the "pit boss" thereof

to allow him to take the said John Gabsky into the mine to work for him, the said Reskoski, and the "pit boss" was assured by the said Reskoski and other friends of said John Gabsky that he was of the age of 15 years, and could read and write, and the physical appearance of the said John Gabsky would lead an ordinarily prudent and reasonable man to believe that he was over the age of 14 years, and, so believing and being so assured, the said "pit boss" permitted the said Gabsky to work in the mine for the said Reskoski, and the defendant is informed and believes, and so asserts and avers, that the death of said Gabsky was caused by the neglect and recklessness of the said Reskoski and said John Gabsky and other miners with whom said Gabsky was working, and not through any negligence or dereliction of duty upon the part of this defendant. The defendant states further that it was with the consent and approval of Mary Gabsky that said John Gabsky was permitted to work in said mine, and, if said John Gabsky was under the age of 14 years, said fact was known to his mother, the said Mary Gabsky, and said fact was unknown to this defendant; and, the physical appearance of said John Gabsky indicating that he was of the age when he could lawfully enter said mine to work, the defendant did not willfully permit a minor under the prohibited age from working therein, and, the said mother so permitting the defendant to be imposed upon, and wrongfully permitting her said son to work in the mine (while) under the age prohibited by law, if such be a fact (and plaintiff has so alleged), it was the negligent act of said plaintiff, and not of this defendant, which caused the death of said John. That it was the duty of the parent of said John to refrain from allowing him to work in the mines under the age permitted by the statute, and the wrongful and knowing act of the parent of said John, and not the willful act of defendant, together with the negligence of said John and his fellow workers, was the cause of his death.

The evidence in the case substantially sustains the averments of the answer.

The demurrer of the defendant, contained in the first and second paragraphs of its answer, raises a question of law,—whether or not Mary Gabsky, for herself or next friend of her two surviving children, has a right of action against the defendant.

The complaint is manifestly founded upon the statute known as the Miners' Act—nothing more, nothing less. The two sections

which are material in the controversy are digested in Sandels & Hill's Digest as follows: "Section 5051. No person under the age of 14 years * * * shall be permitted to enter any mine to work therein. Section 5058. For any injury to persons or property occasioned by willful violation of this act, * * * a right of action shall accrue to the party injured for any direct damages sustained thereby." The direct damages here referred to mean damages for injury occasioned by the fact of being permitted to work in the mines; and, the working in the mines under the prohibited age being shown, and to be willful in the legal sense, it is ordinarily conclusive upon the defendant, for the object of the act was to prohibit the working of children under 14 years of age in coal mines at all.

If it is thought that an action for damages for the death of a person, as in this case, survives in the next of kin, it should be asserted by a complaint based upon our statute of survivorship, commonly known as Lord Campbell's Act. What should be shown in a case under that act, we leave for the plaintiffs to determine. But as the case was tried solely under the Miners' Act, and a complaint made in strict conformity thereto, and no provision is made in that act for a survivorship of the action, the demurrer set forth in the first and second paragraphs of the answer should have been sustained; and the judgment of the court is reversed, and the cause is remanded for a new trial, with privilege to the plaintiff to amend her complaint, if she so desires to do.

Riddick, J. I concur in the judgment of reversal rendered in this case, but I do so on a ground different from that stated in the opinion. The court, as I understand the opinion, holds that there is no right of action in the parent for the death of a child caused by the willful violation of the provisions of the statute known as the Miners' Act, for the reason, as stated in the opinion, that "no provision is made in that act for the survivorship of the action." Now, the act in question, after stating that no person under the age of 14 years shall be permitted to work in any mine, provides that for any injury to persons or property occasioned by a willful violation of the act "a right of action shall accrue to the party injured for any direct damages sustained thereby." Sand. & H. Dig., § 5058. It makes no reference to the question as to whether a right of action survives to the heir or next of kin in case death is caused by a violation of the statute. That question is, then, I think, controlled

by the general statute on the subject, which provides that whenever the death of a person shall be caused by wrongful act, neglect, or default, and the act, neglect, or default is such as, if death had not ensued, would have entitled the party injured to maintain an action and recover damages in respect thereof, then in every such case an action may be brought in the name of the personal representative, or, if there be no personal representative, in the name of the heir at law, for the benefit of the widow and next of kin of the deceased person. Sand. & H. Dig., §§ 5911, 5912.

In this case Mrs. Gabsky is the heir of her deceased son, and can, I think, by virtue of this statute, maintain an action for any injury suffered if her son's death was caused by the wrongful act of the defendant, provided that she herself was guilty of no act which precludes her right to recover. This position, I think, is fully sustained, not only by the language of the statutes above referred to, but by the decisions of this court in cases where actions for the next of kin have been brought against those causing death. For instance, we have a special statute, passed in 1891, requiring persons in charge of running trains to keep a lookout, and providing that the company operating the railroad shall be "responsible to the person injured for all damages resulting from neglect to keep such lookout." Sand. & H. Dig., § 6207. This statute is also a special act, and was passed subsequent to the general statute in reference to the survival of actions; but, where death results from the failure to keep such a lookout, it has never been doubted that an action may be brought against the railroad company causing the death for the benefit of the next of kin. The reports of this court show that numerous actions of that kind have been sustained, and this though the statute requiring the lookout to be kept makes no provision for a survival of the action. The action for the benefit of the next of kin in such cases is authorized by the general statute above referred to, which embodies the substance of the English statute known as Lord Campbell's Act. If an action lies for the benefit of the next of kin when the death of a child is caused by a failure to keep the lookout required of railroad companies, I see no reason why one may not be brought when death is wrongfully caused by a failure of the operator of a coal mine to obey the statute forbidding operators of mines to permit children under the age of 14 years to work therein. There is no reason for a different

rule in the two cases, and I am therefore unable to agree to the law as stated in the opinion of the court on that point.

But, though I dissent from the reasons stated in the opinion of the court, I think the judgment of reversal is right, for the reason that it was shown that the plaintiff, Mrs. Gabsky, permitted her son to work in the mine, and that it was at her request, made through one Reskoski, that permission was obtained for him to work in the mine of defendant where he was killed. The statute says that no person under the age of 14 shall be permitted to enter any mine to work therein. The defendant company, at the instance and request of Mrs. Gabsky, permitted her son under that age to work in its mine. He was killed, and she alleges in this action that his death resulted from the act of the company in permitting him to work in its mine, and she asks for a judgment for damages. But the act for which she complains was brought about through her consent and connivance. In other words, she asks judgment against the company for damages for doing that which she requested it to do.

A statement of the case, it seems to me, is conclusive against her. It is not a question of contributory negligence, as counsel contend, but a question whether one wrongdoer shall recover against another for damages resulting from an act which they jointly participated in and brought about. *Volenti non fit injuria* is a maxim of the law; but this case goes further, for Mrs. Gabsky not only consented, she instigated and procured, through her agent, Reskoski, the permission of the company for her son to work in the mine, and she received the benefit of that labor.

The object of the statute was to protect the minor against the dangers of such an occupation. His consent or willingness to work in the mine would amount to nothing, and would bar neither himself or next of kin from bringing an action. But it seems to me plain that a parent who consents to a violation of this statute, and exposes her child to the dangers against which the law seeks to shield him, cannot, if the death of her child is caused by such violation of the law, recover damages therefor. The law, based on sound public policy, would forbid a recovery in such a case. As the only thing complained of is an act to which she consented, I think the judgment in her favor is wrong, and should be reversed. Cooley, Torts (2d Ed.) ; Bishop, Non-Contract Law, §§ 54, 59; Jaggard, Torts, §§ 189, 199.

But it does not follow, because she consented that her son should work in the mine, that she consented to any want of care on the part of the company towards him after he entered the mine, and whether she could recover if the injury was caused by the negligence of the defendant in the operation of its mine is a different question from the one decided, and need not be considered, for the case was not tried on that theory.