Donk Bros. Coal & Coke Co. v. Peton.

---

## Donk Bros. Coal & Coke Co. v. Edward Peton.

95   193
a192s   41

1.   MINES AND MINING—*What is a Sufficient Demand for Props.*— Where the manner of ordering or demanding props and caps for use in a coal mine, was for the miners to write with chalk on a black-board placed near the mouth of the shaft for that purpose, the number of props and caps wanted and the length of the props, *it was held* to be a sufficient demand for props under the miners act.

2.   SAME—*What is a Willful Violation of the Act.*—Any act required to be done by the provisions of the miners act which is consciously omitted, is willfully omitted, in the meaning of the word "willful" as used in the enactments of the legislature relative to the duty of the owners of coal mines.

3.   SAME—*Proximate Cause of an Injury a Question of Fact.*—In an action for personal injuries under the miners act the issue as to what was the proximate cause of the injury is one of fact for the jury.

**Trespass on the Case,** for personal injuries, under the miners act. Appeal from the Circuit Court of St. Clair County; the Hon. MARTIN W. SCHAEFER, Judge, presiding.   Heard in this court at the August term, 1900.   Affirmed.   Opinion filed March 11, 1901.

FORMAN & BROWNING and TURNER & HOLDER, attorneys for appellant.

194    APPELLATE COURTS OF ILLINOIS.

VOL. 95.]          Donk Bros. Coal & Coke Co. v. Peton.

HAMILL & BORDERS, attorneys for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, by appellee against appellant, in the Circuit Court of St. Clair County, to recover for a personal injury sustained by appellee while engaged as a miner in the service of appellant in its coal mine. Trial was by jury. Verdict and judgment in favor of appellee for $1,000.

Certain counts of the declaration charge that appellee was injured by reason of the willful failure of appellant to furnish a sufficient supply of props and caps as required by statute, and others charge that he was injured by reason of the willful failure of appellant to cause its mine to be inspected as the statute requires. To this declaration appellant pleaded the general issue.

Section sixteen of the mine and miners act requires that the mine manager shall always provide a sufficient supply of props and caps, delivered on the miners' cars at the usual place when demanded, as nearly as possible in suitable lengths and dimensions for the securing of the roof of the mine, and section eighteen requires that there shall be a mine examiner at all mines, that he shall examine the mine daily, and among other things, shall inspect all places where men are expected to work, and observe whether there are any unsafe conditions, and that he shall evidence his examination by inscribing on the walls of each working place, with chalk, the month and day of the month of such examination, and make a daily record of the conditions in a book to be kept for that purpose. The act also provides that for any injury to person or property occasioned by any willful violation of any provisions of the act, or willful failure to comply with any of its requirements, a right of action shall accrue to the party injured, for any direct damages sustained thereby.

Appellee was an experienced coal miner, and had worked in appellant's mine for two years prior to his injury, and

had worked in the room in which he was injured for ten or twelve days. The room was twenty feet wide and had been driven in about fifteen feet. The roof was faulty and needed propping to render it a reasonably safe place to work in. On the 5th day of January, 1900, while appellee was engaged about his duties in this room, a portion of the roof fell upon him, breaking his leg and seriously injuring him.

It was incumbent upon appellee, in order to recover, to prove a violation by appellant of the statute in one of the respects charged; that such violation was willful, and that it was the proximate cause of his injury. In all this, appellant's counsel contend that appellee has failed.

As to the violation of the statute : The manner of ordering or demanding props and caps in use at appellant's mine, was for the miner to write with chalk on a black-board placed near the mouth of the shaft for that purpose, the number of props and caps he wanted, and the length of the props. When furnished they would be sent down, and the driver would deliver them at the miner's room. Six or seven days before the injury, appellee ordered four props. These were delivered and appellee set two of them, but could not use the other two; one was too short and the other was sawed so beveled he could not set it. Appellee was in need of more props and caps, and for three successive days before he was injured, he placed his order on the board for them. They were not furnished. Appellee followed this order up by inquiring of the driver, but none were delivered, and the driver testified that none were furnished. It is not claimed by appellant's counsel that these timbers were furnished, but they contend that the order or demand made by appellee was not such a demand as the statute requires. In this we can not agree with counsel. It was the mode adopted and in general use at the mine, and certainly was a very reasonable and proper one.

The evidence clearly shows that the requirements of the statute as to daily examination of the mine were not complied with, but appellant's counsel contend that the room in which appellee was injured was examined on the morn-

196    APPELLATE COURTS OF ILLINOIS.

VOL. 95.]    Donk Bros. Coal & Coke Co. v. Peton.

ing of the injury. This was a contested question of fact on the trial, and appellant's second instruction directly presents it as an issue of fact to the jury.

As to willfulness: In Odin Coal Co. v. Denman, 185 Ill. 413, the Supreme Court says:

" The appellant company stood charged with knowledge of the provisions of the law and with the duty of complying therewith. * * * There was no evil intent operating to induce the failure, but that element is not a necessary ingredient of willfulness, within the correct meaning of the word willful, as employed in this statute. * * * An act consciously omitted is willfully omitted, in the meaning of the word 'willful' as used in those enactments of our legislature relative to the duty of mine owners."

When a violation of the statute is established, then whether it is a willful violation must be determined by the jury from all the facts and circumstances proven in the case. This is well established law in this State. The evidence shows that for three consecutive days appellee's demand for props and caps was wholly unheeded, and the only excuse offered is, that on one of these days the regular timber man was absent on account of sickness. The evidence shows that appellant had no regular mine examiner, and that the duty to examine the mine in the manner the law requires, was habitually neglected.

As to proximate cause : The evidence shows that appellee was injured by the falling of a portion of the roof of the mine, and it tends to show that a proper and usual way of securing such place was by propping, and that if props and caps had been furnished to appellee in response to his demand as the law requires, the roof could and would have been so propped as that the injury would not have occurred. In such case the issue as to proximate cause is one of fact for the jury.

There is sufficient evidence in this record to fully warrant the jury in finding that appellant was guilty of violating the statute as charged in the declaration, that such violation was wilful and was the proximate cause of appellee's injury.

We find no substantial error in the rulings of the trial

court as to the admission or rejection of evidence, and we find that the instructions complained of, when read, as they were, to the jury, in connection with all the other instructions given, were not misleading; that they state the law with substantial accuracy and are based on material evidence in the case; and we find that substantial justice has been done between the parties by the verdict and judgment in the Circuit Court. The judgment of the Circuit Court is affirmed.