ROBERTS, JOHNSON & RAND SHOE CO. v. DOWER.

(Circuit Court of Appeals, Seventh Circuit. April 15, 1913. Rehearing Denied July 3, 1913.)

No. 1,943.

COURTS (§ 366*)—FEDERAL COURTS—STATE STATUTES—CONSTRUCTION—APPLICATION—STATE DECISIONS—"WILLFUL."

A decision of the Supreme Court of Illinois that the "willful" violation of the Factory Act, causing injury to a servant, deprives the master of the defense of assumed risk and contributory negligence, and that "willful" violation is established by proof of any conscious knowing or intentional failure to comply with the statute, without a showing of actual wrongful intent will be followed by the federal courts sitting in Illinois, though the decision is not strictly a construction of the act, but rather a declaration of its legal effect.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 954–957, 960–968; Dec. Dig. § 366.*

For other definitions, see Words and Phrases, vol. 8, pp. 7468–7481, 7835, 7836.

Conclusiveness of judgment between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank v. City of Memphis, 49 C. C. A. 468; Converse v. Stewart, 118 C. C. A. 215.]

In Error to the District Court of the United States for the Southern Division of the Southern District of Illinois; J. Otis Humphrey, Judge.

Action by Elmer Dower, an infant, by Mary Smith as mother and next friend, against the Roberts, Johnson & Rand Shoe Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Review is sought of a judgment in favor of plaintiff in the District Court, rendered June 13, 1912, for $5,500, for a personal injury sustained by him September 12, 1911, at the factory of defendant at Jerseyville, Ill. At the time of his injury plaintiff was 18 years of age. He was operating a machine for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

brushing shoe bottoms, driven by a belt from a shaft situated above his machine. At the time of the accident this belt came off, and plaintiff attempted to replace it. For this purpose he got up with one foot upon a window sill and the other on a small machine. About two inches from the shaft belt pulley was a shaft coupling about ten inches long horizontally, and five inches diameter. It was in two pieces fitting around the shaft, bolted with three bolts on each side. The coupling as a whole presented a rounded appearance, with its surface hollowed out so that the heads of the bolts, and the bolts themselves, were slightly below the rounded surface of the coupling. This coupling had originally been protected by a coupling shield, of one-eighth inch sheet steel, fitting around it, attached with counter sunk screws, but when the machinery was moved into a new factory a few months before the accident this shield was not replaced, though the attention of the factory superintendent had been called to the matter.

While the plaintiff was in the position described, in the act of putting on the belt, with his head about on a level with the shafting, intent on replacing the belt, and without looking at the coupling, the glove on his right hand caught on the nuts and bolt ends of the coupling, and his arm was wound up in the coupling and shaft and very badly injured.

The four counts of the amended declaration were drawn to present two grounds of liability; the first or statutory count proceeding under the Illinois Factory Act for guarding machinery, and the other three, or common-law counts, on the general theory of negligence in failing to provide a safe place to work, failure to warn of danger, failure to guard machinery, and nonassumption of risk.

The statutory count raises the question whether assumption of risk and contributory negligence are defenses excluded by the Illinois Factory Act of 1909. This statute provides that all power driven shafting, projecting set screws on moving parts, etc., shall be so located, wherever possible, as not to be dangerous to employés, or shall be properly inclosed, fenced, or otherwise protected. It is further provided that a violation shall be a misdemeanor, subjecting the person liable to a fine. The act neither expressly gives a right of action nor expressly abolishes the defense of assumption of risk or contributory negligence; but has been construed to do away with such defenses by the Supreme Court of Illinois in Streeter v. Western Scraper Co., 254 Ill. 244, 98 N. E. 541, 41 L. R. A. (N. S.) 628, Ann. Cas. 1913C, 204.

The jury found for plaintiff on all the counts. To do so they must have found defendant's negligence, plaintiff's nonassumption of risk, and due care on his part. These questions were fairly submitted, and there is evidence to sustain the verdict on all the material questions. Therefore if there was no prejudicial error as to the statutory count, the judgment should stand.

Defendant raised the questions presented by the first or statutory count in several ways, by two pleas, a demurrer to which was sustained, by requested instructions which were refused, by motion to direct a verdict for defendant, which was denied, by exceptions to the charge, and by motion in arrest of judgment; but did not ask a separate verdict.

Seddon & Holland, of St. Louis, Mo., and Sidney S. Breese, of Springfield, Ill., for plaintiff in error.

Ferns & Sumner, of Jerseyville, Ill., for defendant in error.

Before BAKER, Circuit Judge, and ANDERSON and SANBORN, District Judges.

SANBORN, District Judge (after stating the facts as above). In respect to the statutory count the trial court decided that it was its duty to follow the Factory Act of Illinois, as construed by its Supreme Court in the Streeter Case.

In the state of Illinois there are four acts passed for the protection of employés and commonly referred to as "Mines and Mining Act" (Hurd's Rev. St. 1911, c. 93), "Child Labor Law" (chapter 48, § 20),

"Railroad Safety Appliance Act" (chapter 114, §§ 223–232), and the "Factory Act" (chapter 48, §§ 89–120). The Supreme Court of Illinois in its construction of each of said acts has held that a willful violation thereof deprives the master of the defense of assumed risk, also that a "willful" violation is any conscious knowing or intentional failure to comply with a statutory provision, and that no wrongful intent need be shown to make a failure willful.

After the Illinois Supreme Court had construed and declared the effect of the "Illinois Mine and Mining Act" in Odin Coal Co. v. Denman, 185 Ill. 413, 57 N. E. 192, 76 Am. St. Rep. 45, and Carter-ville Coal Co. v. Abbott, 181 Ill. 496, 55 N. E. 131, the case of Fulton v. Wilmington Star Mining Co., 133 Fed. 193, 66 C. C. A. 247, 68 L. R. A. 168, involving the same act was heard in this court, which followed the Illinois cases in the construction of said act, also in its construction of the term "willful," and denied the master both the defense of assumption of risk and of contributory negligence.

In the case of Streeter v. Western Scraper Co., 254 Ill. 244, 98 N. E. 541, 41 L. R. A. (N. S.) 628, Ann. Cas. 1913C, 204, and which involved the construction and effect of the Factory Act, involved in this cause, the Illinois Supreme Court hold that, where there is a willful violation of the act, the master is deprived of both the defenses of assumption of risk and contributory negligence, giving to the term "willful" the same construction as theretofore given it by said court in the other acts. The following quotation from the opinion in the Streeter Case shows the consistent and reasonable position of the court:

"For many years we have held, in the construction of the Mining Act, that neither assumed risk nor contributory negligence is available as a defense to a suit for damages caused by a willful violation of the provisions of that act (citing Illinois authorities). It is true that these decisions were based partly on the language of the section which gives an action for any injury occasioned by a 'willful' violation of the act, and partly on the requirement contained in section 29 of article 4 of the Constitution, that the General Assembly shall pass laws for the protection of operative miners. The reasoning on which they are based is, however, applicable to the present case, as is the language in Carterville Coal Co. v. Abbott, supra: 'To hold that the same principle as to contributory negligence should be applied, in case of one who is injured in a mine because the owner, operator, or manager totally disregarded the statute, as in other cases of negligence, is to totally disregard the provisions of the Constitution, which are mandatory in requiring the enactment of this character of legislation, and would destroy the effect of the statute, and in no manner regard the duty of protecting the life and safety of miners.' A constitutional law is of as much force as the Constitution itself. This law was passed to protect employés, and in view of the construction given to the Mining Act * * * in regard to the assumption of risk, the General Assembly must have supposed that the same construction would be given to this act in that regard."

It is argued that the Streeter Case should not be followed here because not strictly a construction of the Factory Act, but merely declaring its legal effect, and, since the statute is silent as to assumption of risk and contributory negligence, the decision that they are excluded by it is not a part of the statutory law which must be followed by this court. But such a distinction is entirely negatived by numerous decisions of the Supreme Court. Thus in Williams v. Gaylord, 186

U. S. 157, 22 Sup. Ct. 798, 46 L. Ed. 1102, it was contended that the federal courts are not bound by a state decision defining the application of a local statute, but only by its construction. The court said:

"We are unable to accept the distinction. To accept it would deprive the state courts of the power to declare the implications of state statutes, and confine interpretation to the mere letter. The Supreme Court of California declared the effect of the act of 1880 as deduced from the language and purpose of the act, and this was necessarily an exercise of construction. The very essence of construction is the extension of the meaning of a statute beyond its letter, and it can seldom be done without applying some principle of law general in some branch of jurisprudence, and if whenever such application occurs the authority of the state courts to interpret the statute ceases, the federal tribunals, instead of following, could lead those courts in declaring the meaning of the legislation of the states."

So in Middleton National Bank v. Toledo, etc., R. Co., 197 U. S. 394, 25 Sup. Ct. 462, 49 L. Ed. 803, a local decision that a state constitutional provision was self-executing was held binding on the federal courts. Similar rulings were made as to constitutionality in Knights Templars Co. v. Jarman, 187 U. S. 197, 23 Sup. Ct. 108, 47 L. Ed. 139; that a state statute was a public one, in Hammond v. Hastings, 134 U. S. 401, 10 Sup. Ct. 727, 33 L. Ed. 960; that an act was mandatory in Amy v. Watertown, 130 U. S. 301, 9 Sup. Ct. 530, 32 L. Ed. 946; whether an act was a revenue measure in Flanigan v. Sierra Co., 196 U. S. 553, 25 Sup. Ct. 314, 49 L. Ed. 597; and whether a statute was penal or remedial in Chase v. Curtis, 113 U. S. 452, 5 Sup. Ct. 554, 28 L. Ed. 1038. Many other cases in the Supreme Court might be cited where local decisions declaring the legal effect of a statute have been followed, as part of the law itself. A like conclusion was reached by this court in the Fulton Case, where the Mining Act there considered did not expressly take away the defense of contributory negligence. The Illinois court having decided that this defense was excluded, that ruling was adopted by this court.

Defendant in the case now under consideration did not request a separate verdict on the statutory count, and the jury found defendant negligent and that plaintiff used ordinary care and assumed no risk. We have, however, assumed that proper steps were taken by defendant to raise all questions under the statutory count.

Finding no error, the judgment of the District Court is affirmed.