IN RE W. W. PIERCE.

(Filed 8 October, 1913.)

1. Witnesses Defaulting—Attorney at Law—Fines—Interpretation of Statutes.

A witness who fails to appear when the case is called in which he has been subpœnaed to testify is not justified in his default because he is a practicing attorney at law and had cases to try in another county at the date upon which the case was called wherein he was a witness, and the party who subpœnaed him can recover the penalty, with the costs of the motions. Revisal, sec. 1643, construed in connection with sec. 1645.

2. Same—Damages.

A witness who has defaulted without justification is liable in damages, besides the penalty, to the party who had him subpœnaed, to the full amount he has sustained "for the want of such witness's testimony." Revisal, sec. 1643.

APPEAL by respondent from *O. H. Allen, J.,* at August Term, 1913, of DUPLIN.

*H. L. Stevens for appellant.*
*No counsel contra.*

CLARK, C. J. Judgment *nisi* for $40 having been entered against W. W. Pierce as defaulting witness under Revisal, 1643, on notice to show cause, the judgment was made absolute. The court found the facts: "W. W. Pierce was duly subpœnaed as a witness for the defendant in the case of *I. F. Hill et al. v. W. M. Faison et al.,* to attend the term of the Superior Court of Duplin which began 25 November, 1912. He was notified that he need not attend till Friday, 29 November, on which day he attended. He was a practicing lawyer, and appeared in cases which were ready for trial in Wayne Superior Court, which was then in session, and at his request the judge of that court postponed the trial of his causes till Saturday, 30 November. The case in Duplin Superior Court in which he was subpœnaed as a witness was not reached on Friday, and he applied to the judge of that court for a discharge. His Honor referred him to counsel for the defendant, who declined to excuse him, but

*In re* PIERCE.

paid him his per diem and mileage as required by Revisal, 1298. The witness thereupon, without being excused either by the judge or the counsel for the defendant, returned to Goldsboro, and on the following day, being called as a witness and failing to appear, judgment *nisi* was rendered, and upon this motion the court finding that he did not show sufficient cause or incapacity to attend on said Saturday, 30 November, of Duplin Superior Court, rendered judgment absolute for said penalty, and that Winifred Faison, for whom he had been duly subpoenaed, should recover from the respondent W. W. Pierce the sum of $40, together with the costs of the motion."

This judgment was correct. It is true that the judge also found that the witness believed that he had a right to return to Wayne Superior Court to represent his clients, and therefore that his failure to attend the trial in Duplin Superior Court was not wilful. Revisal, 1643, does not require that the failure to attend should be "wilful." Besides, if it did, his Honor's finding of law to that effect was incorrect and could not be sustained. Wilful means intentionally, and of that there was no question in this case. Wilful is used in contradistinction to accidental, or unavoidably (see numerous cases cited 8 Words and Phrases, 7473). Indeed, the only definition given of "wilfully" in Bouvier's Law Dictionary is "intentional." It has some additional meaning in certain circumstances, but not under this statute, which, besides, does not use the word.

The defense that the appellant had a right to look after his practice as a lawyer in preference to obeying the subpoena of the court cannot be sustained. "Ignorance of the law is no excuse." Least of all could it be tolerated in an attorney who has a license which certifies that he is "learned in the law."

"Equality before the law" is a fundamental principle of our system of government. The law is no respecter of persons. While in one sense a lawyer is an officer of the court, that means simply that in the discharge of his duties he is subject to its control and discipline. But this does not excuse him from obedience to legal precepts to which he owes exactly the same respect and obedience as any other citizen. If a lawyer can

*In re* PIERCE.

be excused from obeying a subpœna because he prefers to attend to his business as a lawyer, then a doctor would be equally excused for attending the bedside of his patients, or a locomotive engineer would take his seat in his cab, and a farmer would be equally entitled to pull fodder or pick cotton when those duties are pressing. A banker or a business man might well prefer attending some important meeting which would serve his pecuniary interests to a far greater extent than this witness would have been benefited by being present at the trial of his causes. The public authority has preference over private interest.

When the witness found that he was not discharged on Friday afternoon, and was required to attend as witness again on the next day, he should either have gone to Goldsboro that night to have seen the judge to procure a continuance of his causes, or have procured a brother attorney to represent him, and he could have returned next morning in time for court, or he could have discharged this matter probably equally as well by phone or wire. Certainly, he could not disobey this subpœna from any supposed priority of his personal duty to his client in consideration of a fee received, or expected, to the neglect of his duty to the public. The trial of causes cannot be conducted without the power of the court to compel the attendance of witnesses, for this duty is rarely pleasant or desired by the witnesses themselves, to whom it means also often a pecuniary loss, as well as an inconvenience.

So clear is the requirement that a defaulting witness is not only liable for a fine of $40 on default, but he is "further liable for the full damages which may be sustained for the want of such witness's testimony." Revisal, 1643.

Revisal, 1645, authorizes the reading of a deposition in certain cases, as where the witness is the President of the United States, the Governor of the State, or judge of the court holding a session of his court at the time of the trial, and other officials named in said section whose public duties are deemed as important as their presence at a trial. But the statute does not enumerate lawyers in this category, and it is apprehended that no statute could be passed to give them such exemption without including every other class of the community, to whom their

personal interests are as important as the functions of a lawyer. Indeed, the latter can often more readily procure a continuance of his cause or the services of a substitute than a doctor, a banker, a merchant, a locomotive engineer, and most other callings and professions.

The judgment absolute is

Affirmed.