NEW UNION COAL COMPANY *v.* WALKER.

Opinion delivered October 20, 1930.

*Hays, Priddy & Smallwood,* for appellant.

*Cochran & Arnett,* for appellee.

McHANEY, J. Appellee sued appellant to recover damages for personal injuries sustained by him by the falling of a rock, in the entry of the coal mine of appellant, in which he was working. He alleged that his injury was caused "by the negligence and carelessness of the defendant in failing to send down props, when requested to do so by plaintiff, with which to prop the roof of his working place, and in further failing to send down the necessary props to prop said roof," when requested so to do by another. Appellant denied the plaintiff's contention that appellee's injury was caused by its negli-

gence or carelessness in failing to send down props when requested by him, or in failing to send down props when requested to do so by another. The case was tried to a jury, which resulted in a verdict and judgment for appellee, in the sum of $4,000.

For a reversal of the case, appellant first contends that the court erred in permitting witnesses, Walker and Nelson, to testify over its objections and exceptions that Griffith, the day foreman of the crew working in the same entry as appellee and his crew, ordered props during the day and had failed to get them. We do not agree with appellant in this contention. The gist of the action was the alleged violation of a statutory duty to furnish props. Statute 7271, C. & M. Digest, provides that: "It shall be the duty of the owner, agent or operator to send down all such props when required and deliver said props to the place where cars are delivered." The request made by Griffith, as testified to by said witnesses, tends to prove notice to the company that props were required. We think this assignment of error is ruled adversely to appellant by the case of *Bauschka* v. *Western Coal & Mining Co.*, 95 Ark. 477, 129 S. W. 1095.

The second assignment is that the court erred in refusing to direct a verdict for appellant, at its request. This assignment challenges the sufficiency of the evidence to sustain the verdict. We have not reviewed the evidence, for, in view of the disposition we make of the case, it becomes unnecessary. We have examined the evidence very carefully, however, and find it sufficient to take the case to the jury. The facts were in dispute as to whether appellant failed to furnish the props when demanded, or within a reasonable time after demanded, and the court submitted the question to the jury, under an instruction that required the jury to find, by a preponderance of the evidence, that the proximate cause of appellee's injury was the failure of appellant to send down props in accordance with the requirements of the statute.

The only other assignment of error that we consider it necessary to discuss relates to the refusal of the court to give appellant's requested instructions 2, 5, 6 and 7. After a careful consideration of these instructions, we have reached the conclusion that the court erred in refusing to give requested instruction No. 6, which is as follows: "If you should find from the evidence that the plaintiff ordered props from the defendant through its duly authorized agent whose duty it was to deliver props in the mine, and that after the same was ordered the defendant willfully failed to send same down to plaintiff and deliver same at the place where cars were delivered, after it had had a sufficient length of time to deliver same, and as a direct and proximate result of such willful failure the plaintiff was injured, then the plaintiff would be entitled to recover." Some such instruction should have been given, in view of the provisions of § 7269, C. & M. Digest. This section reads: "For any injury to persons or property occasioned by willful violation of this act, or willful failure to comply with any of its provisions, a right of action shall accrue to the party injured for any direct damages sustained thereby; provided, should death ensue from any such injury, a cause of action shall survive in favor, first, of the widow and minor children of such deceased; if there be no widow nor minor children then to the father if living; then to the mother; if no mother, then to the brothers and sisters and their descendants." This section, as it now stands, down to the proviso, was included in the original miners' act of April 9, 1893, and was § 12 thereof. In *Johnson* v. *Mammoth Vein Coal Co.,* 88 Ark. 243, 123 S. W. 1180, 19 L. R. A. N. S. 646, it was held that the right of action did not survive under that section, as the act creating the statutory duty failed to provide for a survivor of the action. So the Legislature of 1905 added the proviso to the above section. Section 7271, C. & M. Digest, relating to the duty to furnish props, was § 14 of the original miners' act. As heretofore stated, appellant's right of action is based

solely on the statutory duty to furnish props, and another section in the same statute provides for a willful violation of the act in order to create a right of action based upon a violation of statutory duty imposed by said act. In *Kansas & Texas Coal, Co.* v. *Gabsky*, 70 Ark. 434, 66 S. W. 915, the action was based upon the statutory duty placed upon the owner or operator of a mine not to permit persons under the age of fourteen years to work therein. The court quoted § 7269, as originally written, and said: "The direct damages here referred to mean damages for injury occasioned by the fact of being permitted to work in the mines; and, the working in the mines under the prohibited age being shown, and to be willful in the legal sense, it is ordinarily conclusive upon the defendant, for the object of the act was to prohibit the working of children under fourteen years of age in coal mines at all." Where a cause of action against a coal company is based upon an alleged violation of a statutory duty, enacted for the safety of employees, the defenses of contributory negligence and assumed risk are entirely abolished. Sections 7145-7146, C. & M. Digest. The only defense then left to the coal company is to show that the props were not requested or that the failure to furnish, when requested, was not the proximate cause of the injury. While counsel for appellee say that they did not base the cause of action upon § 7271, but that same was based on § 7144, we are of the opinion that the necessary effect of the allegation in the complaint above set forth is to charge negligence based on the failure to perform a statutory duty, to-wit, the failure to furnish props as provided in § 7271. As further indicative of this fact, appellant requested an instruction in the language of the statute, § 7271, which the court gave.

Appellant's requested instruction No. 7, defining the word "willful," reads as follows: "The word 'willful' as used in these instructions is used not alone in the sense that implies a wrongful intent, but is employed likewise as including a conscious knowing or intentional fail-

ure to perform or meet a duty imposed by statute.'' The case of *Roberts, Johnson & Rand Shoe Co.* v. *Dower,* 208 Fed. 270, is cited to support this definition of the word ''willful.'' This definition is not correct, and the court was right in refusing to give such a definition, but, since the question will arise on another trial, we deem it proper to say that the court should tell the jury what the word ''willful'' means, as used in § 7269, C. & M. Digest. In the last case above cited, Judge Sanborn followed the Illinois cases in defining the word ''willful.'' One of the cases cited is *Odin Coal Co.* v. *Denman,* 185 Ill. 413, 57 N. E. 192, 76 Am. St. Rep. 45. In that case the court said, speaking of the omission to perform a statutory duty: ''The omission was not through mere inadvertence, but was intentional. There was no evil intent operating to induce the failure, but that element is not a necessary ingredient of willfulness, within the correct meaning of the word 'willful,' as employed in this statute. As used in criminal and penal statutes, the word 'willful' has frequently been interpreted to mean, not merely a voluntary act, but an act committed with evil intent, etc. The statute here involved is not a penal statute. The recovery awarded is not a penalty in the nature of a fine or a forfeiture, nor is it awarded as a punishment, but is confined, by the express terms of § 14 of said chapter 93, to 'the direct damages sustained' by reason of the omission or failure of which complaint is made. 'Compensation for injuries inflicted, not punishment, is the ground of recovery.' 'Willful' is a word of familiar use in every branch of law, and, although in some branches of law it may have a special meaning, it generally, as used in courts of law, implies nothing blamable, but merely that the person of whose action or default the expression is used is a free agent, and that what has been done arises from the spontaneous action of his will. It amounts to nothing more than this: 'that he knows what he is doing, and intends to do what he is doing, and is a free agent.' 29 Am. & Eng. Enc. Law 113. An act consciously omitted

is willfully omitted, in the meaning of the word 'willful,' as used in these enactments of our Legislature relative to the duty of mine owners. In *Coal Co.* v. *Abbott,* 181 Ill. 495, 55 N. E. 131, we said (page 502, 181 Ill., and page 134, 55 N. E.), 'Where an owner, operator, or manager so constructs or equips his mine that he knowingly operates it without conforming to the provisions of this act, he willfully disregards its provisions, and willfully disregards the safety of miners employed therein'."

In the *Roberts, Johnson, Rand Shoe Co.* case, *supra,* the court followed the Illinois decisions under the miners' act, § 14, being in substance the same as § 7269, C. & M. Digest, and held that a "willful" violation is established by proof of any conscious knowing or intentional failure to comply with the statute, without a showing of actual, wrongful intent. So in our statute the word "willful" means only that the omission to perform the duty imposed by statute was a conscious act of the mind, and was not from mere inadvertence. It means something more than mere negligence. As said by the Illinois court, in the *Odin Coal Co.* case, *supra,* "In criminal proceedings, where it is designed to punish the defendant, and in that class of civil cases where a penalty is provided, the amount whereof is fixed by statute, as in the nature of punishment, or in those cases where, in addition to damages recoverable as indemnity to the plaintiff for the injury sustained, exemplary or vindictive damages may be assessed as punishment of the defendant, the intent of the defendant becomes material. In all cases in those classes the word 'willful' is interpreted to include malice, evil intention, or other wrongful motive. In the case at bar the recovery is limited to actual or direct damages, and the amount to be recovered is not to be mitigated or aggravated by the presence or absence of the element of fraud, malice, or evil intent."

For the error indicated the judgment will be reversed, and the cause remanded for a new trial. It is so ordered.