BROOKDALE MILL, Inc., and Lehigh River Mill, Inc., Appellants,

v.

Warren J. ROWLEY and John P. Read, Appellees.

No. 12151.

United States Court of Appeals, Sixth Circuit.

Dec. 15, 1954.

Farber, Cochrane, Green & Schrader, Toledo, Ohio, for appellants.

Zachman, Boxell, Bebout & Torbet, Toledo, Ohio, for appellee.

Before ALLEN, McALLISTER and STEWART, Circuit Judges.

PER CURIAM.

This case came on to be heard on the record and briefs and oral argument of counsel;

And it appearing that the appellees on August 10, 1953, in actions instituted by appellants, Pennsylvania corporations, in the Northern District of Ohio, Western Division, and consolidated in the District Court for purposes of appeal, filed certain interrogatories under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A., to which appellants made no objection and filed no answers;

And it appearing that the answers to said interrogatories were due August 25, 1953, and that on September 10, 1953, and also on September 16, 1953, counsel for appellees notified local counsel for appellants of appellees' intention to file a motion to have appellants' amended complaints dismissed if the interrogatories were not answered fully and completely;

And it appearing that motions to dismiss each separate action were filed on October 6, 1953, and sustained by the court;

And it appearing that the District Court found that appellants, although fully informed and aware of their obligation to file answers to such interrogatories and of the penalty for their failure to do so, had "willfully failed within the prescribed time to answer or object" to such interrogatories;

And it appearing that failure to act, as well as action, may be willful, New Union Coal Co. v. Walker, 182 Ark. 460, 31 S.W.2d 753; Donk Bros. Coal & Coke Co. v. Peton, 95 Ill. App. 193; and that a willful violation of a provision of a statute or regulation is any conscious or intentional failure to comply therewith, as distinguished from accidental or involuntary non-compliance, and that no wrongful intent need be shown to make such a failure willful. Cf. Roberts, Johnson & Rand Shoe Co. v. Dower, 7 Cir., 208 F. 270; In re Pierce, 163 N.C. 247, 79 S.E. 507;

And it appearing that appellants' omission to file answers to the interrogatories under this record constituted knowing and intentional failure to comply with Rule 37(d) of the Federal Rules of Civil Procedure, and that the District Court did not abuse its discretion in dismissing the actions;

And it appearing that appellees' motions to dismiss were filed October 6, 1953, and that appellants filed alternative motions October 16, 1953, asking as to each separate action (1) that the case be transferred to the United States District Court for the Southern District of New York; or (2) that the case be dismissed without prejudice; or (3) that appellants be granted leave to file answers to the interrogatories and for an extension of time for that purpose;

And it appearing that appellants' alternative motions untimely filed were unsupported by affidavits or any proof, and that the District Court did not abuse its discretion in denying such motions;

It Is Ordered that the judgments of the District Court dismissing the amended complaints with prejudice be and they hereby are affirmed.