ANTONIO DÍAZ COLÓN, Plaintiff and Appellee, *v.* MARSHAK AUTO DISTRIBUTORS, INC., Defendant and Appellant.

No. R-67-62. Decided February 2, 1968.

676

*Jorge Luis Suárez* for appellant. *Francisco Radinson Pérez* for appellee.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

The trial court was justified in ordering to strike out appellant's pleadings and to enter its default, and to set

the hearing of the default pursuant to Rule 34.4 of the Rules of Civil Procedure, since said appellant intentionally failed to answer the interrogatories served by appellee pursuant to Rule 30 of the Rules of Civil Procedure.

The damages suffered by appellee by reason of his having been prevented from using his vehicle were not proved. The damages for mental anguish are excessive and also appellee was likewise negligent in failing to compare the vehicle license which he received from appellant with the automobile plates. Therefore, the judgment should be modified to reduce the amount for damages to $200 and attorney's fees to $50.

We shall examine below the circumstances of the case to justify the preceding conclusions.

On March 31, 1964, appellee and appellant executed a conditional sales contract by which the former acquired from the latter an automobile for the amount of $1,350. Appellee would pay $600 as down payment and the remainder in 18 $54-monthly installments.

In order that he could travel on the streets and highways of Puerto Rico, appellant delivered to appellee a provisional permit which it periodically renewed until the Department of Public Works would issue the permanent license.

It appears from the record that on June 1, 1964, appellee wrote to appellant requesting the delivery of the corresponding license; and later, on September 30, 1964, and still later, on January 3, 1965; there being no showing in the record of any answer from appellant to these requests.

It was not until July 15, 1965, that is, one year and four and a half months subsequent to the original sale, that appellant delivered the corresponding permit to appellee. However, the license numbers did not coincide with the plate numbers.

On September 15 of the same year appellee was accused of driving his automobile with defective rear lights, and when the policeman requested the vehicle license, he noticed that

the license numbers and the plate numbers did not coincide. He proceeded to accuse him of driving a motor vehicle with the identification plates altered.

On February 14, 1966, and in the Superior Court, San Juan Part, appellee filed a complaint against appellant entitled "Civil Action," in which he stated these facts and requested the amount of $7,000 for the damages suffered. As the days went by and appellant did not answer the complaint, on March 2, 1966, appellee filed a Motion for Entry of Default. Said motion was denied because "there is an answer filed." It appears from the record that the answer to the complaint was filed on March 4, that is, after the term prescribed by the Rules of Civil Procedure had elapsed and without it appearing from the record that appellant had requested an extension to answer.

On the following April 21 the Superior Court set the hearing of the case on the merits for September 9, at 9:00 a.m. and served notice thereof to the attorneys of both parties.

On April 29 appellee served some interrogatories on appellant to be answered pursuant to the aforementioned Rule 30. On May 17, 1966, the former filed a motion in the trial court requesting that, pursuant to the said Rule 34.4, the court proceed to strike out the pleadings of defendant, now appellant, for having failed to answer the interrogatories within the term fixed by the Rules, or that appellant be ordered to answer within five days. It was not until June 10, 1966, that the court passed on this motion and granted appellant ten additional days to answer the interrogatories warning it that "if it did not answer them the sanctions of the Rules would be applied." On June 23, 1966, copy of this order was served on the attorneys of both parties.

On June 8, 1966, appellant requested an extension of 15 days to answer the interrogatories because the President óf the Corporation was away from Puerto Rico. Said motion was denied on June 30.

On July 7, 1966, after more than the ten additional days granted by the court had elapsed appellant's attorney filed a Motion to withdraw from the case. The court ordered that said withdrawal be notified to his client before passing on it. On this occasion the answer to the interrogatories was not notified either.

In view thereof, on July 23, appellee requested the court to grant appellant, since it had not answered the interrogatories despite the court's order, 10 days to retain an attorney and to answer the interrogatories or otherwise to apply the sanctions of the Rules. On August 8 the court entered the following order: "Defendant having failed to answer the interrogatories within the term granted, it is hereby ordered to strike out its pleadings, to enter its default, and also to set the hearing of the case on Default." On August 10 this order was served on the attorneys of both parties. At this time, the court had not yet passed on the withdrawal of appellant's attorney.

On August 15 notice was served on the parties through their attorneys of record that the hearing of the case on default was set for September 2, at 9:00 a.m.

On August 17 appellant's attorney alleged on motion to that effect that he had notified his withdrawal to his client and also that "he had requested appellant several times in writing to appear at his office to answer the interrogatories or, otherwise, he would be obliged to withdraw from the case, and defendant having failed to appear to answer the interrogatories I instructed it to pick up the record of the case because I could not continue representing it, and at this time it has said record in its possession." He requested that his name be eliminated from the record as appellant's attorney. On August 23 the court passed on this motion "As requested."

On September 2, 1966, at 9:00 a.m., the hearing on default was held. The same day, at 11:00 a.m., appellant filed a motion to set aside the entry of default and to grant it time

to prepare for the hearing of the case on the merits. Together with this motion it filed the answer to the interrogatories, that is, 124 days after they were served.

On November 24, 1966, the trial court rendered judgment in this case. It concluded that a conditional sales contract had been executed between the parties in relation to a Chevrolet, for the amount of $1,350 plus $222 interest; that appellant had not complied with its obligation to deliver the vehicle license to appellee; that appellee was accused of driving the vehicle with identification plates altered (Vehicle and Traffic Law, § 2-801, subdivision (7) (9 L.P.R.A. § 591(7))); and he had to post bail, for which reason he suffered mental anguish and as a result of the seizure of his vehicle plates he was unable to use it, for which reason it constituted a total loss. The trial court concluded that "§ 34 of Title 10 of the Code of Commerce, which refers to the registration of conditional sales, and § 1802 of the Civil Code" are applicable to the case. It ordered appellant to pay appellee "the amount of $1,607 for economic or special damages suffered and the amount of $3,000 for general damages which comprise mental anguish suffered by plaintiff when he was arrested and accused, all as a result of defendant's fault and negligence, and also the amount of $300 for costs, expenses, and attorney's fees."

Appellant assigns that the trial court erred (1) in striking out appellant's pleadings; (2) in denying the suspension of the hearing of September 2, 1966; (3) in abusing its discretion in refusing to reconsider the judgment; (4) in granting damages not authorized by law; (5) in weighing the evidence and rendering judgment not supported by the evidence; (6) in advancing the proceedings without appellant being represented by counsel, against its will and desire; and (7) in committing grave violation of the due process of law.

We shall discuss jointly assignments 1, 2, 6, and 7 for they are intimately related to each other.

Rule 34.4 of the Rules of Civil Procedure provides that: *"Failure of party to attend or serve answers.*

"If a party or an officer or managing agent of a party wilfully.fails to appear before the officer who is to take his deposition, after being served with a proper notice, or fails to serve answers to interrogatories submitted under Rule 30 after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party."

In order to apply said sanction it must appear from the record that the party wilfully failed to serve the interrogatories. *Reyes* v. *Mayagüez Transport*, 86 P.R.R. 259, 264 (1962). From the record it does not appear that appellant established that its failure to comply was due to inability to answer and not to wilfulness, bad faith, or any fault which may be attributed to it. *Societe Internacionale* v. *Rogers*, 357 U.S. 197, 212 (1958). In *Brookdale Mill* v. *Rowley*, 218 F.2d 728 (6th Cir. 1954), it was stated that failure to act, as well as action, may be wilful; that a wilful violation of a provision of a statute or regulation is any conscious or intentional failure to comply therewith, as distinguished from accidental or involuntary noncompliance, and that no wrongful intent need be shown to make such a failure wilful. In that case the court sustained the dismissal of the complaint because of plaintiff's failure to answer certain interrogatories, notwithstanding two notices of appellees' intention to file a motion to have appellant's amended complaint dismissed, all in the course of three weeks. *United States* v. *Continental Casualty Company*, 303 F.2d 91 (4th Cir. 1962), upheld the order striking defendant's answer and awarded judgment to plaintiff in accordance with prayer of complaint for failure to answer certain interrogatories until 39 days after receipt thereof, no extension having been requested. The court .said that it would have some hesitancy in supporting the judgment below in view of the fact that the interroga-

tories in question were in fact answered prior to judgment but for the fact that the record offers other support for the court's conclusion that defendant was but delaying the inevitable by its procrastination, that the defendant was not energetically seeking to throw light on the facts at issue. See also, *Peña* v. *Heirs of Blondet,* 72 P.R.R. 8, 11, 12 (1951); *Pepín* v. *Ready Mix Concrete,* 70 P.R.R. 723, 726 (1950); *Milewski* v. *Schneider Transportation Company,* 238 F.2d 397 (6th Cir. 1956); *Patterson* v. *C.I.T. Corporation,* 352 F.2d 333 (10th Cir. 1965); 2A Barron and Holtzoff, Federal Practice and Procedure, § 885 (1961 ed.); *Developments in the Law—Discovery,* 74 Harvard L. Rev. 940, 986 (1961).

From the foregoing we conclude that once a court orders a party to answer some interrogatories served pursuant to Rule 30 of the Rules of Civil Procedure, and later, when the party fails to answer them, the court warns it that noncompliance with this order entails the penalty prescribed by the Rules, if the party still fails to comply with said order and does not request an extension nor makes objections to the interrogatories, but merely allows the time to pass, the court is justified in imposing a penalty pursuant to Rule 34.4 of the Rules of Civil Procedure, since said circumstances show that the party has wilfully failed to present its answer to the interrogatories. We do not believe that the court needs to make an express determination of the party's wilful noncompliance. The imposition of the sanction is indicative that the court concluded that the noncompliance was wilful.

In the case at bar appellant was served certain interrogatories which it failed to answer within the time prescribed by the rules. Promptly appellee moved that the court impose on appellant the penalty prescribed by the Rules. *Pepín* v. *Ready Mix Concrete, supra.* Appellant, having been served notice of the hearing for this motion, did not trouble to appear or show cause why the penalty should not be imposed.

Nevertheless, the court granted it another opportunity. Even more, appellant's attorney had to withdraw from the case because appellant repeatedly refused to appear at his office to answer the interrogatories. On August 8 the court imposed on appellant the penalty prescribed by Rule 34.4 of the Rules of Civil Procedure and ordered that default be entered. On August 10 said order was served on appellant, when Mr. Román was still its attorney. The hearing of the case on default was set for September 2 at 9:00 a.m. and it was not until that same day but at 11:00 a.m. that appellant filed a motion requesting to set aside the default, the continuance of the hearing, and filing the answers to the interrogatories.

These actions fully show not only appellant's intention of not answering the interrogatories with due diligence, but, also, a marked intention of delaying the proceedings and of obstructing the elucidation of the facts. Therefore, the trial court acted correctly in punishing appellant pursuant to the provisions of Rule 34.4.

It has not been shown that the trial court abused its discretion in refusing to continue the trial because appellant's attorney assumed said responsibility only nine days before the day set for the trial and the latter needed more time to prepare himself. *Heirs of Pagán* v. *Berríos*, 84 P.R.R. 600 (1962); *López* v. *Flores*, 50 P.R.R. 575 (1936).

In the sixth assignment appellant contends that the court went on with the proceedings without the former being represented by counsel and against its will and desire.

We do not agree. The court passed on the withdrawal of appellant's initial counsel on August 23 and it appears from the record that on August 24 the new counsel notified the court that he was taking appellant's case. So that said party was, at no time, without legal aid.

■ The hearing of the case on the merits had been originally set for September 9. However, in view of appellant's attitude the court was compelled to impose on appellant the aforesaid penalties. After its default was entered, the court could set the date for the hearing and it need not necessarily be the date set for the hearing on the merits.

■ Every court has power to provide for the orderly conduct of proceedings before it or its officers according to the law. Section 7 of the Code of Civil Procedure (32 L.P.R.A. § 44). Rule 5 of the Rules of Administration for the Court of First Instance provides in subdivision (a) that "Each Part shall keep a permanent and continuous calendar, in which the administrative judge shall set for hearing, *without the need of any petition therefor*, all adversary civil cases ready for trial. The secretary shall notify the parties of the day set for hearing at least fifteen (15) days prior thereto."

This rule does not provide anywhere that the judge is bound to request the opinion of the parties as to their consent for setting the date for the hearing.

On August 15, 1966, the parties were served notice that the hearing of the case on default was set for the following September 2. The aforementioned rule was fully complied with.

The trial court did not incur a violation of the due process of law in imposing on appellant the penalties provided by Rule 34.4 of the Rules of Civil Procedure. *Hammond Packing Co.* v. *Arkansas*, 212 U.S. 332, 347 (1909).

■ Third Assignment—That the trial court abused its discretion in refusing to reconsider the judgment. This assignment lacks merit. Appellant's attorney of record was served notice of the day set to hear the default. Then the court set for hearing, and considered and denied, two motions for reconsideration. Appellant does not explain what was the alleged abuse of discretion apart from insisting that it

was not notified of the said date set for the hearing.

Fourth and Fifth Assignments—It is alleged that the trial court granted damages not authorized by law, that it erred in weighing the evidence, and that the judgment is not supported by the evidence.

It was not proper to claim as a loss for the use of the car any part of the value thereof since actually, said property did not suffer any damage whatsoever by reason that its use was prohibited on account of the lack of license plates. Appellee could have suffered damages for not using his car until he obtained the correct license through the steps which, with reasonable diligence, he should have initiated and pursued uninterruptedly. But no evidence of such damages appears from the record.

Even assuming that the damages consisted in the total loss of the vehicle, the court erroneously determined it at the original price, where said loss could not exceed the value of the vehicle on the date of the damages less the residual value thereof. The record does not show that evidence was presented on these points. *Figueroa* v. *Western Assurance Co.*, 87 P.R.R. 143, 150. (1963).

The trial court also concluded that appellee suffered losses amounting to $222 for interest and $10 for a fine. Not one of these elements of damages lies. These are special damages not originally claimed, as prescribed by Rule 7.7 of the Rules of Civil Procedure. On the other hand the $10 fine was paid for driving with defective rear lights and it does appear from the record that the automobile was delivered to plaintiff in that condition.

We believe that the amount of $3,000 for mental anguish suffered by appellee, because he was accused of driving with the identification plates altered, is excessive.

In view of the fact that appellee was originally arrested and accused of driving his automobile with defective rear

lights and that the accusation for driving the vehicle with the identification plates altered arose when the vehicle license was requested as a result of the previous violation, and, it failing to appear from the record that he was found guilty of the second offense, we conclude that the reasonable and just amount of the aforementioned damages is $400.

 Furthermore, we conclude that appellee was likewise and concurrently negligent in failing to assure himself of the identity of the automobile license which appellant delivered to him with the plate numbers, for which reason it is proper to reduce the amount of said damages to $200.

In view of the foregoing, the judgment rendered will be modified to reduce the amount for damages to $200 and the attorney's fees to $50, and thus modified it will be affirmed.