Larry CHAPMAN, Plaintiff,

v.

SCHNORF, SCHNORF & SCHNORF, et al., Defendants.

No. C 80–263.

United States District Court,
N.D. Ohio, W.D.

June 29, 1984.

---

## OPINION AND ORDER

JOHN W. POTTER, District Judge:

This cause came to be heard upon the motion of defendants for dismissal under Fed.R.Civ.P. 37, plaintiff's response thereto and defendants' reply. Defendants further request that plaintiff, his attorney, or both be required to pay defendants' reasonable expenses, including attorney's fees. This case is scheduled for trial on July 17, 1984 with pretrial pleadings to be filed by July 3, 1984.

In their motion, defendants assert that dismissal is justified because of plaintiff's failure to comply with various orders of this Court throughout the time during which this litigation has been pending, his disregard of notices and discovery proce-dures, and his failure to comply with this Court's order of May 24, 1984 compelling discovery. In that order, the Court ordered plaintiff to produce for inspection within 10 days documents described in defendant's first, second and third requests for production of documents. In his response plaintiff asserts that he forwarded documents to defendant on or about April 19, 1984 and that he was forthwith, via Federal Express, resubmitting documents to defendants. In their reply and accompanying affidavits, defendants state that they have not received the aforementioned documents and that there is no record of delivery of such a package of documents to Federal Express by plaintiff's attorney. Further, defendants' attorney states that he was not served with a copy of plaintiff's response to defendants' motion to dismiss and "the final supplemental documents requested" despite the assertions made in plaintiff's proof of service appended to his response.

Defendants enumerate at great length in the memorandum accompanying their motion what a review of the docket entries in this action also makes clear. That is that the occurrences described above constitute only the latest episode in a series of actions and inactions by plaintiff which, when viewed as a whole can only be characterized as a repeated and flagrant disregard for the orderly administration of justice, for the orders of this Court and for the requirements of the discovery process.

The Court believes that dismissal of plaintiff's action is a drastic remedy to be sparingly applied. However, this sanction is available to the Court in appropriate cases. *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). Up to this time the Court has exercised great forebearance in response to plaintiff's repeated abuses and disregard of the Court's orders. The Court now finds that the cumulative abuses warrant dismissal of this cause. The Court will not catalog these abuses in detail because defendants in their brief have accurately described them. At

the least plaintiff's behavior must be characterized as grossly negligent. *Penthouse International, Ltd. v. Playboy Enterprises, Inc.*, 663 F.2d 371 (2nd Cir.1981); *see Bookdale Mill, Inc. v. Rowley*, 218 F.2d 728 (6th Cir.1954). Because of plaintiff's repeated and flagrant disregard for the orders of this Court, the Court will grant defendant's motion and will allow reasonable expenses, including attorney's fees, against plaintiff and his counsel.

THEREFORE, for the foregoing reason, good cause appearing, it is

ORDERED that defendant's motion to dismiss be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that this cause be, and the same hereby is, DISMISSED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that this cause be, and the same hereby is, set for hearing on defendants' reasonable expenses and attorney's fees on August 28, 1984 at 9:00 A.M., with briefs to be filed by the parties by August 10, 1984.