JULIA L. WILLIAMS, Plaintiff, v. ANNE DORSEY HALL, Defendant.

(*November* 13, 1961.)

LYNCH, J., sitting.

*David B. Coxe, Jr.*, and *Emmet J. Conte, Jr.*, for Plaintiff.

*Morton E. Evans* for Defendant.-

Superior Court for New Castle County, No. 1531, Civil Action, 1960.

LYNCH, Judge.

Plaintiff sued defendant to recover damages for personal injuries allegedly resulting from a motor vehicle collision between their vehicles in a street intersection, allegedly caused by defendant's negligence. The defendant was served personally and filed her answer. After defendant filed her answer, her attorney propounded thirty-six Interrogatories to plaintiff.

Plaintiff did not file objections to any of these Interrogatories, as called for and within the time prescribed by the Rules. Plaintiff answered Interrogatories numbered 1 through 27 inclusive. Plaintiff's answers to Interrogatories numbered 28 through 36 inclusive consisted solely of the statement in each instance:

"This interrogatory will not be answered; see Rules of Civil Procedure, Superior Court Rule 26(b)."

Defendant did not, before oral argument, move under Rule 37(a), *Del. C. Ann.*, "for an order compelling an answer" to the nine Interrogatories; instead of following such a

course defendant served a motion on plaintiff's attorney denominated—

"Motion for Judgment by Default Against Plaintiff Under Rule 37(d)"

When this motion was presented, the Court directed the attorneys for the parties to file briefs in support of their respective positions.

Defendant's attorney contends (1) that plaintiff's failure to file objections to Interrogatories Nos. 28 through 36, as required by Rule 33, constitutes a waiver of plaintiff's right to object to such Interrogatories and (2) having waived the right to object, this, in a sense, constituted the "refusal" to answer, which is the ground for the entry of a default judgment under Rule 37(d). Plaintiff's attorney, on the other hand, contends that defendant's remedy initially is under Rule 37(a) and not under Rule 37(d), and that defendant should have moved under Rule 37(a) for an order to compel answers before moving under Rule 37(d) for a default judgment.

It is clear that plaintiff's method of noting her objections to defendant's Interrogatories numbered 28 through 36 did not comply with the requirements of the Rules. *Baxter v. Vick*, 25 *F. R. D.* 229 (D. Ct., S. D. Penna., 1960); *Cardox Corp. v. Olin Mathieson Chemical Corp.*, post; *Bohlin v. Brass Rail, Inc.*, post and *Cleminshaw v. Beech Aircraft Corp.*, post. These cases hold that objections to interrogatories cannot be asserted in answers to interrogatories.

The question is this—what consequences follow a party's asserting objections to interrogatories by way of answers rather than in separate objections, as the case here?

The question for decision has not been passed on by our Court; it has, however, been considered in at least two cases,

*United States for Benefit of General Electric Supply Corporation v. W. E. O'Neil Const. Co.*, 1 *F. R. D.* 529 (D. C. Mass. 1941) and in *Cardox Corp. v. Olin Mathieson Chemical Corp.*, 23 *F. R. D.* 27 (D. Ct., S. D. Ill., 1958). It was also referred to in other cases which will be noted later.

The Massachusetts Court ruled in the General Electric case, 1 *F. R. D.* at page 530, that "where no answers have been filed" to interrogatories, but objections were filed on the ground that the interrogatories were filed too late, and the objections were overruled, then—

"* * * the defendant [the objecting party] is granted the usual period of fifteen days in which to serve its answers to the interrogatories and if the defendant fails to do so, the intervenor may then avail itself of Rule 37(d) enabling the Court on motion to enter a judgment by default against the defendant."

In the *Cardox* case, defendant propounded 12 interrogatories to plaintiff, who filed answers to some of these interrogatories, but declined to answer other interrogatories—noting its objections, 23 *F. R. D.* at page 28, on the grounds "that the subject matter thereof is privileged and irrelevant to the subject matter of the cause".

Defendant moved, 23 *F. R. D.* at page 29, under Rule 37(d) "to strike plaintiff's complaint and for the entry of judgment against plaintiff * * *". In the alternative defendant invoked "the provisions of Rule 37(a)" and moved "the court for an order compelling plaintiff to answer the several interrogatories fully and requiring plaintiff to reimburse it for expenses and reasonable attorneys' fees incurred in the prosecution of " defendant's "motion".

The Illinois District Court ruled in deciding defendant's motions (23 *F. R. D.* at page 29):

*"Insofar as its motion is predicated upon the provisions of paragraph (d) of Rule 37, defendant has misconstrued its remedy. \* \* \*;*

\*    \*    \*    \*    \*    \*

"Thus that paragraph is expressly restrcted to a 'wilful' failure to answer interrogatories, and *the applicability of its remedies must, I think, be limited to situations in which there is a total refusal to respond.* The Court of Appeals for the Sixth Circuit has defined 'wilful failure', correctly, I think, as 'any conscious and intentional failure' to comply with Rule 33. *Brookdale Mill v. Rowley*, 218 *F.* 2d 728, 729; See, *Milewski v. Schneider Transportation Company*, 6 *Cir.*, 238 *F.* 2d 397.

"Rule 37(d) should not be applied to the situation in this cause in which answers were served, even though certain of the said answers may be insufficient to satisfy the provisions of Rule 33 for the reason that they do not constitute full answers which that Rule requires, or for the further reason that the only answer served to certain of the interrogatories may only be an improperly raised objection thereto. Such noncompliance does not evidence the degree of conscious and intentional failure which would justify the drastic remedies of Rule 37(d)." (Emphasis supplied.)

Continuing the Court, 23 *F. R. D.* at page 29, stated:

"There is merit, \* \* \*, in defendant's alternative claim for relief under paragraph (e) of the Rule. The contentions in defendant's favor are in two categories: First, it is said that plaintiff has not fully answered Interrogatories numbered 1, 3b, 3c, 4 and 12; and, second, it is said that plaintiff failed entirely to answer Interrogatory 9c.

"Here, as with all questions of interpretation of the discovery rules of the Federal Rules of Civil Procedure, the keystone to decisions is the discretion of the trial judge, tempered

by the axiom that those rules should receive * * * the maximum degree of disclosure which can be compelled without doing injustice. ' "Unless, under the circumstances of any particular case, the Court is satisfied that the administration of justice will be in some way impeded," ' discovery under Rule 33 should be granted when asked. *Hickman v. Taylor*, 3 *Cir.*, 153 *F.* 2d 212, 216, affirmed 329 *U. S.* 495, 67 *S. Ct.* 385, 91 *L. Ed.* 451." (Emphasis supplied.)

*Dulin v. West* (Dist. Ct. W. D. Mo., 1946) 10 *F. R. S.* at page 702, ¶ 37d. 33, case 1, is cited by defendant as authority for the granting of her motion for a judgment by default for plaintiff's failure to answer interrogatories. True the case so holds; but defendant here has not seen fit to consider that in the cited case an order had been entered prior to the filing of the motion for a defualt judgment, overruling a prior motion that had been filed to strike the interrogatories and giving the movant 15 days to answer the challenged interrogatories. The interrogatories were not answered, so about a month later the party propounding the interrogatories then moved for a judgment by default under Rule 37(d). This was granted. The cases are easily distinguishable.

Defendant also cites *Weiss Noodle Company v. Aprile*, 272 *F.* 2d 923 (C.A. 6th Cir., 1959) as authority for the granting of defendant's motion for a judgment by default because of plaintiff's failure to answer defendant's Interrogatories. It appears in the cited case that objections were filed by plaintiff to defendant's interrogatories, which objections were overruled by the District Court. Plaintiff's answers to the interrogatories were due 15 days thereafter but these were never filed.

The District Court granted defendant's motion for a default judgment, and the Court of Appeals properly ruled that the District Court had discretion to grant or deny the motion for default judgment and since no abuse of discretion had

been shown the order granting the default judgment was upheld.

The available cases, *Bohlin et al. v. Brass Rail, Inc.*, 20 *F. R. D.* 224 (Dist. Ct. S. D. N. Y., 1957); *Cleminshaw v. Beech Aircraft Corp.*, 21 *F. R. D.* 300 (Dist. Ct. Del., 1957; *Lunn v. United Aircraft Corp.*, 25 *F. R. D.* 186 (Dist. Ct. Del., 1960); *Mengle v. Tucker*, 21 *F. R. D.* 187 (Dist. Ct. E. D. Pa., 1957); and *Fredricksen v. Bethlehem Steel Company*, 17 *F. R. D.* 307 (Dist. Ct. E. D. N. Y., 1955), do hold that a party's failure to comply with the Court Rules, such as requiring objections to interrogatories to be separately filed, constitutes a waiver of the right to file objections.

Defendant argues that when this is shown, it is sufficient to entitle defendant to have a judgment by default entered by reason of the terms of Rule 37(d) and that there is nothing for the Court to do but to grant defendant's motion. This is not the law.

In *Bohlin et al. v. Brass Rail, Inc.*, 20 *F. R. D.* 224 (Dist. Ct. S. D. N. Y., 1957), defendant had propounded 21 interrogatories to plaintiffs. Plaintiffs filed no objections to any of the interrogatories. Defendant moved under Rule 37 to compel plaintiffs to answer certain interrogatories propounded by defendant.

It appears from the opinion (20 *F. R. D.* 225) that:

"Interrogatory No. 9 required plaintiffs to give copies or photostats of medical records in connection with the injuries sustained 'whether a record of a doctor or doctors, hospital or hospitals'. As to this interrogatory plaintiff stated she was not treated in a hospital and that a request for 'record of a doctor or doctors' is improper and is refused'.

"Interrogatory No. 17 required plaintiffs to state whether they had any written statements signed by the defendant, its agents, servants or employees, and, if so, to state the contents of such statements verbatim or set forth a photo-

stat. Interrogatory No. 18 required plaintiff to state whether it had any photographs of the site of the accident, to specify when and by whom they were taken, and to furnish copies. Plaintiff's answers stated that items 17 and 18 'are improper and are refused'.

"Interrogatory No. 19 required a statement as to any physical defects of plaintiff prior to the occurrence, the nature of such defects, the length of time they existed prior to the accident, and the manner in which plaintiff received them. In answer to this item plaintiff stated that she suffered from nervous tension prior to the accident which was aggravated thereby. She gave none of the other details called for." The Court (30 *F. R. D.* 225) noted:

"* * * They [the plaintiffs] now seek to raise objections to two of the items in toto, and one of the items in part, by stating such objections in their answers which were served some 50 days after the interrogatories were propounded." The Court (20 *F. R. D.* 225) ruled:

"* * *, if the provisions of Rule 33 relating to the service of objections are to be given any effect or meaning, the failure to serve such objections within the time prescribed by the rule should be considered as a waiver of such objections. * * *"

Notwithstanding the seeming broad and sweeping statements in the Court's opinion, as set forth above, the Court nevertheless (20 *F. R. D.* 225-226) did limit its ruling:

"I am not prepared, however, to hold that the failure to file objections to interrogatories constitutes a waiver of either the privilege which plaintiff may have as to reports of his own physician or as to statements of witnesses which have been obtained by his counsel in the course of preparation for trial to which defendant would not be entitled under the rule of *Hickman v. Taylor*.

"Plaintiff therefore will not be directed to comply with that portion of interrogatory 9 which requires her to supply the defendant with copies of reports and records of her own physicians, nor with the portion of interrogatory 17 which requires directly or by implication disclosure of statements of witnesses which were obtained by plaintiff's attorney in the course of preparation for trial and are his work product.

"However, plaintiff is directed to give all other information required by interrogatories 17 and 18 and to complete the answer to interrogatory 19 which has been incompletely answered. * * *"

In *Cleminshaw v. Beech Aircraft Corp.*, 21 *F. R. D.* 300 (Dist. Ct. Del., 1957), Chief Judge Wright of our Federal District Court had before him plaintiff's answers to interrogatories propounded by defendant, wherein it was argued that the answers were not responsive and that they recited objections to some of the interrogatories. The District Court adopted the reasoning in *Bohlin v. Brass Rail, Inc., supra,* and ordered some of the interrogatories answered but, as in *Bohlin v. Brass Rail, Inc.*, Judge Wright did not require, 21 *F. R. D.* at page 302, one interrogatory to be answered, albeit no objection was made thereto, as required by Rule 33.

In *Mengle v. Tucker, supra*, plaintiff had propounded interrogatories to defendant, which interrogatories had been answered. Plaintiff had taken depositions and filed requests for admissions, to all of which defendant responded. After a mistrial plaintiff propounded a second set of interrogatories. More than 10 days after service of such interrogatories defendant moved to strike the interrogatories. Plaintiff moved to strike defendant's motion because it had not been filed within 10 days as provided by Rule 33. Plaintiff also moved to compel defendant to answer every interrogatory that plaintiff had propounded.

Judge Kraft of the Eastern District ruled, 21 *F. R. D.* at page 187, that defendant's delay in filing the motion to strike constituted a waiver of the objections. On examination, however, of the interrogatories and comparison of their scope with what had previously been elicited, he declined, 21 *F. R. D.* at page 188, to compel defendant to answer all the interrogatories because it did not appear "that answers to all of the interrogatories are essential to enable the plaintiff to prepare the case for trial".

Judge Kraft said at a later point in his opinion "that the interest of justice do not require the defendant to reply to those interrogatories * * * and that to compel the defendant to do so would be to annoy and oppress her unjustly."

It is fair to observe in passing that some of defendant's Interrogatories in the case at bar fall within the latter category; it is impossible to see how answers to some of these challenged Interrogatories can lead to any material and relevant testimony.

In *Maurer-Neuer, Inc. v. United Packinghouse Workers,* 26 *F. R. D.* 139 (D. C. Kan. 1960), the Union had served 16 interrogatories on plaintiff, seeking information regarding plaintiff's claim for damages for alleged breach of a no-strike provision in a labor agreement. Other phases of the litigation were pending when the Union's interrogatories were filed. Counsel had previously agreed informally that no action was to be taken on other phases of the litigation until these specific phases were disposed of:

Plaintiff filed no objections to these interrogatories within the prescribed time fixed by Rule 33, nor did plaintiff file answers. Some months later the Union moved under Rule 37(d) to dismiss the action for plaintiffs failure to serve timely answers or objections. The Union's motion under Rule 37(d) did not appear on the motion calendar for more than two and a half years thereafter.

The District Court said of the Union's motion, 26 *F.R.D.* at page 140:

"Local No. 36 would have the case dismissed because of the failure of the plaintiff to answer the interrogatories within the time permitted by Rule 33. Rule 37(b) authorizes such drastic action only when the refusal is willful and, I feel, should be resorted to only after disobedience of an order compelling an answer under Rule 37(a). No application for such an order was made by the defendant. I am convinced that the failure to answer the interrogatories or to seek an enlargement of time to answer or to file timely objections was brought about by preoccupation with another aspect of the case (the motion of the national union), and was not wilful. The motion of Local No. 36 for an order dismissing the action will be denied."

*Societe Internationale, etc. v. Rogers* (Sup. Ct., 1958) 357 *U. S.* 197, 78 *S. Ct.* 1087, 2 *L. Ed.* 2d 1255, is also to be considered. In that case the District Court had dismissed a case under Rule 37(d) for a party's failure to comply with an order directing production of documents. The Supreme Court of the United States, in reversing the lower Court's ruling, took occasion to observe (357 *U. S.* at 212, 78 *S. Ct.* at 1096, 2 *L. Ed.* at 1267):

"* * * we think that Rule 37 should not be construed to authorize dismissal of this complaint because of petitioner's noncompliance with a pre-trial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner."

In *Fredricksen v. Bethlehem Steel Company*, 17 *F. R. D.* 307 (Dist. Ct. E. D. N. Y., 1955), plaintiff sought an order directing the defendant to answer plaintiff's interrogatories. Plaintiff contended "that since defendant defaulted in complying with the interrogatories, or in objecting to them, it waived its rights." The District Court said (17 *F. R. D.* 307):

"* * *. While this may be technically correct, the general rule in the State courts appears to be that the party seeking discovery, or examinations, must show the propriety thereof. Even the case of *Cary v. Hardy*, D. C., 1 *F. R. D.* 355, cited by plaintiff required the party propounding the interrogatories to show the propriety of the unanswered questions if at least some were answered, *viz.*: 'there would be no question if a portion of the interrogatories were answered, some objected to and answers withheld, if done within the ten days'. The defendant herein followed such procedure, excepting that it did not act within the ten-day period.

"The case of *North v. Lehigh Valley Transit Co.*, D. C., 10 *F. R. D.* 38, cited by defendant, is persuasive. Although the defendant therein did not move to vacate a subpoena *duces tecum* for the production of certain documents, yet the Court said that this did not relieve plaintiff of the necessity of showing good cause.

"The case of *Maddox v. Wright*, D. C., 11 *F. R. D.* 170, is also persuasive from a different standpoint. The plaintiff therein sought the production of documents by the indirect method of propounding interrogatories therefor and by requesting that they be annexed to the answers, but the Court held that the failure to object did not obviate a showing of good cause."

Plaintiff in *Maddox v. Wright et al.*, 11 *F. R. D.* 170 (Dist. Ct. D. of C., 1951), had served voluminous interrogatories on the defendants. Defendants filed answers, although the Court stated—"they did not answer some of the individual questions to plaintiff's satisfaction and objected to other questions". Plaintiff moved for judgment under Rule 37(d).

In denying the plaintiff's motion, the District Court said (11 *F. R. D.*, page 171):

"This court is mindful of the broad purpose of the discovery procedure provided by the Federal Rules, to permit

mutual knowledge before trial of all relevant facts gathered by both parties, that, to this end, either party may compel the other to disgorge whatever facts he has in his possession, and that the courts should interpret liberally the rules dealing with discovery. However, *as stated by the Supreme Court in Hickman v. Taylor, 329, U. S. 495, 507, 67 S. Ct. 385, 392, 91 L. Ed. 451, 'discovery, like all matters of procedure, has ultimate and necessary boundaries.' Various principles must be balanced against one another in determining whether or not an interrogatory is proper, and Rule 33 recognizes that the court should protect a party from improper use of interrogatories.*

·"*A reading of* all *the interrogatories* propounded by plaintiff to the three defendants *makes it clear that plaintiff* herein is not attempting to compel a legitimate disclosure of relevant facts, or facts which may lead· to relevant facts, but *is seeking* to harass, embarrass, and *annoy* the defendants, \* \* \*." (Emphasis supplied.)

Professor Moore in Volume 4 . of his work on *Federal Practice,* sets forth ¶ 33.-28, page 2340, ,what he terms— "Consequence of Refusal or Failure to· Serve Answers";

"The procedure where a party has refused 'or failed to answer interrogatories properly served 'upon him is set out in Rule 37. The interrogating party may apply to the court for an order compelling answer under Rule 37 (a), or, if the refusal was wilful, he may make a motion under Rule 37(d) for an order striking out all or any part of any pleading of the recusant party, or dismissing the action or proceeding or any part thereof, or entering a judgment by default against the adverse party. If the court enters an order under Rule 37(a) compelling answer and the order is not complied with, the court may make any of the orders specified in Rule 37(b) (2).

"The court may, of course, allow the party a further opportunity to answer before imposing any sanction upon him."

Professor Moore notes, Volume 4, ¶37.-04—

"* * *. The court in its discretion may give additional opportunity to answer before imposing any sanctions."

In the current supplement (page 187, ¶37.-04) Professor Moore seemingly takes the position that there must be wilfulness on the part of a party.

Volume 2, §§ 851-855, Barron & Holtzoff, *Federal Practice and Procedure* discusses Rule 37, F. R. Civ. P., 28 U. S. C. A., and the consequences of failure or refusal to file answers to interrogatories. It is stated in Volume 2 at page 554:

"Upon refusal of a party to answer any interrogatory submitted under Rule 33, the proponent of the question may on like notice make a motion for an order to compel an answer. Where a party fails to serve any answers to interrogatories as required by Rule 33, the proper remedy is a proceeding under Rule 37(d) for the penalties discussed in section 855."

These learned authors at page 563 point to the discretion of the Court to grant or deny a motion under Rule 37. In the current 1960 Supplement or Pocket Part where this Rule is discussed, it is noted under Section 852, page 200:

"Rule 37 vests a very broad discretion in the trial judge as is apparent from the preceding section.

"The court may not, of course, order the disclosure of information if interrogatories asking for it have not been served.

"Where answers to interrogatories have been filed, but they are evasive or otherwise inadequate, the court may compel proper answers, but may not invoke the sanctions of subsection (d) of Rule 37."

The matter is further discussed at page 205 under § 855, particularly where it is pointed out:

"These sanctions are not mandatory. The rule says 'may' and thus permits the court, in its discretion, to refrain from imposing sanctions, for such reasons or on such conditions as it may see fit."

After a review of the cases cited above and consideration of the statements of law in the treatises by Professor Moore and Barron & Holtzoff, it is amply clear that defendant's motion for a default judgment under the provisions of Rule 37 (d) should be denied at this time.

■ *First of all* the Court has discretion in determining motions of the kind made by defendant and such discretion should be exercised so that cases are decided on their merits and not on technicalities.

■ *Secondly*, it seems clear from an analysis of Rule 37 that the Framers of the Rules intended that the time schedule set out in the Rules, particularly Rule 37, should be considered in their interpretation. Rule 37(a), timewise, comes before Rule 37(d) and this has some importance. In a situation such as this case presents, the proponent of the interrogatories should invoke Rule 37(a) by first moving for an order to compel his adversary to answer the interrogatories before invoking the provisions of Rule 37(d) and seeking sanctions.[1]

■ Even where a party has not answered all interrogatories propounded by an adversary, it still does not follow as a matter of right that he can insist on answers, by moving under Rule 37(a); he is not entitled in any instance to answers even though it appears that his adversary has by his conduct and failure to object waived the right to object. The statements made by the Courts in *Mengle v. Tucker*,

---

[1] By doing this, a party lays the groundwork for demonstrating the "wilfullness" on the part of the adversary so as to justify imposition of sanctions as authorized by Rule 37(d).

*supra, Fredericksen v. Bethlehem Steel Company, supra,* and *Maddox v. Wright, supra,* furnish guides in a determination of the extent of a party's right to have his interrogatories answered even where the right to file objections has been waived. A Court should only direct an interrogatory to be answered if the interrogatory seeks legitimately relevant information; if the query does not "annoy and oppress * * * unjustly"; and a showing has been made of the need for the information sought by the interrogatory. As was pointed out in *Hickman v. Taylor, supra* [329 *U. S.* 495, 67 *S. Ct.* 392], "* * * discovery * * * has ultimate and necessary boundaries * * *".

Counsel has already been advised which interrogatories, as propounded by defendant, are to be answered by plaintiff and which interrogatories need not be answered.

During the period while the Court had the previous motion under advisement, plaintiff, through her counsel, propounded several Interrogatories to defendant, thereupon defendant moved for a protective order, requesting the Court to extend the time for defendant to file objections thereto and/or to answer such Interrogatories, pending completion by defendant of the discovery she had undertaken, including receipt by defendant of the plaintiff's answers to such of defendant's Interrogatories which plaintiff is required to answer and the defendant's taking of plaintiff's deposition. When such motion was presented to the Court plaintiff was directed to show that she had the right to propound Interrogatories to defendant before plaintiff's answers had been filed and defendant had completed her discovery.

Plaintiff's attorney complied and cited a number of cases and authorities which he contended gave him the right to propound Interrogatories notwithstanding his adversary's pending discovery by way of Interrogatories and the announced intention to go forward with the taking of plaintiff's deposition. I do not read plaintiff's citations as does her attorney, with the exception of *Court DeGraw Theatre, Inc.*

*v. Loew's, Incorporated*, 20 *F. R. D.* 85, 87 (U. S. D. Ct. E. D. N. Y., 1957). This is of no consequence since defendant, after having given consideration to plaintiff's authorities and *Dow Chemical Company v. Stauffer Chemical Company*, 26 *F. R. D.* 179, 181 (D. of Del. 1960), applied for leave to withdraw her motion for the protective order.

In passing, it is to be observed that Judge Rodney of the U. S. District Court for the District of Delaware stated in the last-cited case:

"It will be noted that methods of discovery other than by depositions, *viz.*, interrogatories to parties by Rule 33 * * * all relate to parties alone. As to these there does not seem any necessity for priority and proceedings may be conducted concurrently."

In light of the statements appearing in Vol. 2A Barron and Holtzoff (Wright Edition), *Federal Practice and Procedure*, § 776 and the decision of Judge Layton, a former member of this Court, and now a member of the United States District Court for the District of Delaware, in *E. I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 23 *F. R. D.* 237, 239 (1959), it is clear to me that this Court always has discretion to order parties engaged in discovery proceedings, whether by deposition or interrogatories, to do what is proper under the circumstances and facts of each case as presented. There is no point announcing an inflexible rule. Questions on discovery practice can always be determined by the justice of the situations presented. The defendant's motion for leave to withdraw her motion for a protective order is granted.

Orders on Notice.