IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SMARTMATIC USA CORP.,  )
SMARTMATIC INTERNATIONAL  )
HOLDING B.V., and SGO  )
CORPORATION LIMITED,  )
                    )   C.A. No.: N21C-11-028 EMD
                    )
      Plaintiffs,  )
   v.  )
                    )
NEWSMAX MEDIA, INC., ,  )
                    )
      Defendant.  )

## ORDER DENYING DEFENDANT'S CORRECTED MOTION TO COMPEL DISCOVERY OF SMARTMATIC'S SETTLEMENT WITH OANN

**UPON CONSIDERATION** of Defendant's Corrected Motion to Compel Discovery of Smartmatic's Settlement with OANN (the "Motion") filed by Defendant Newsmax Media Inc. ("Newsmax") on May 30, 2024; Plaintiffs' Opposition to Defendant's Motion to Compel Discovery of Smartmatic's Settlement with OANN (the "Opposition") filed by Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively, "Smartmatic") on June 4, 2024; the arguments made in the Motion and the Opposition; the case law cited in the Motion and the Opposition; the Court having determined that no hearing is necessary on the Motion or the Opposition; the Court finds as follows:

1.     The Motion seeks to compel production of all agreement(s) and other documents "sufficient to show all terms" of the settlement (the "OANN Settlement") between Smartmatic and One America News Network ("OANN") that resolved Smartmatic's defamation claims against OANN. Newsmax contends it has a "fundamental" right to discover the terms of the OANN Settlement. In addition, Newsmax maintains that the OANN Settlement is "critical" to

Newsmax's ability to fully defend against Smartmatic's claims in this case. Finally, Newsmax claims that the OANN Settlement is "highly" relevant to offset issues.

2.          In the Opposition, Smartmatic makes two basic arguments against production. Smartmatic argues that any disclosure of the confidential OANN Settlement Agreement and related documents would go against the public interest in encouraging settlement. Smartmatic also argues that the Motion is premature.

3.          Rule 28 of the Superior Court Rules of Civil Procedure provides that parties may obtain discovery regarding any matter, not privileged which is relevant to the subject matter involved in the pending action.[1] A party may seek a motion to compel discovery, when, after making a request for inspection under Rule 34 of the Superior Court Rules of Civil Procedure, the opposing party fails to permit inspection as requested.[2] The Court has discretion to order the disclosure of information in the interests of justice based on the facts and circumstances of the case.[3]

4.          In *CNH Industrial America LLC v. The Travelers Indemnity Co.*,[4] the Court addressed and rejected arguments similar to those made in the Motion. In reaching that decisions, the Court relied on *S&R Associates, L.P. v. Shell Oil Co.*[5] In *S&R Associates*, this Court held that confidential settlement agreements should be protected when possible.[6] In *S&R Associates*, the plaintiff sued a number of distributors and manufacturers after its plumbing system failed.[7] The plaintiff reached confidential settlement agreements with all defendants

---

[1] Del. Super. Ct. Civ. R. 28(a)(1).
[2] Del. Super. Ct. Civ. R. 37(a)(2).
[3] *Showell v. Mountaire Farms, Inc.*, 2002 WL 31818512, at *1 (Del. Super. Nov. 18, 2002) (citing *Williams v. Hall*, 176 A.2d 608, 617 (Del. Super. 1961)).
[4] 2015 WL 5157039, at *2 (Del. Super. Feb. 19, 2015).
[5] 1999 WL 744422 (Del. Super. July 28, 1999).
[6] *Id.* at *1.
[7] *Id.*

except Shell Oil.[8]  Shell Oil moved to compel production of settlement agreements, asserting that they were relevant to the issues of compensation and contribution among tortfeasors.[9]  The Court held that required disclosure of the settlement agreements was premature, and denied Shell Oil's motion without prejudice.[10]

5.      The Court sees no reason to deviate from the well-settled law articulated *CNH* and *S&R Associates*.  Here, there are two major issues to be decided.  First, whether Newsmax is liable to Smartmatic.  Only if Newsmax is liable, will it then become necessary to determine the extent of the liability.  These were the same issues addressed in *CNH* and *S&R Associates*.  While the OANN Settlement Agreement between Smartmatic and OANN *may* eventually become relevant in computing the dollar amount of Newsmax's liability, it is not relevant to determining whether Newsmax is in fact liable to Smartmatic.

6.      As noted above, the Court should, to the extent possible, protect the confidentiality of settlement agreements.  Newsmax's arguments do not convince the Court that the discovery of the terms of OANN Settlement Agreement at this time is necessary.  Accordingly, compelling discovery of the confidential OANN Settlement Agreement now would be "premature."

**IT IS SO ORDERED.**

Dated:  June 25, 2024
Wilmington, Delaware

/s/ *Eric M. Davis*
Eric M. Davis, Judge

cc:     File&ServeXpress

---

[8] *Id.*
[9] *Id.*
[10] *Id.*

3